PEOPLE v BELL

Docket No. 153710. Submitted December 15, 1994, at Detroit. Decided
March 7, 1995, at 9:20 A.M.

Mark L. Bell was convicted following a third jury trial in the
Recorder's Court for the City of Detroit, John A. Murphy, J., of
first-degree felony murder and assault with intent to do great
bodily harm less than murder. The first trial was declared a
mistrial and the second trial was declared a partial mistrial,
with the defendant being convicted of possession of a firearm
during the commission of a felony. The defendant appealed.

The Court of Appeals *held:*

1. The judge who substituted for the original trial judge
during the jury's deliberations because the original judge be-
came ill did not comply with the requirement of MCR 6.440(A)
that he certify that he had become familiar with the record of
the trial. The error was harmless under the facts of this case,
which indicate that, as a whole, the jury instructions fairly
presented the issues and sufficiently protected the defendant's
rights. The defendant was not prejudiced by the substitution.

2. The evidence was sufficient to support the murder convic-
tion.

3. There is no requirement that a trial court secure an on-
the-record waiver of the defendant's right to testify.

4. The defendant was not prejudiced by the trial court's
failure to conduct a hearing, pursuant to *United States v Wade,*
388 US 218 (1967), regarding identification.

5. The prospective jurors were not tainted by questions
relating to their experiences as crime victims.

6. The defendant's assertion that the prosecutor exceeded the
scope of voir dire was not preserved for review.

7. The jury was instructed properly regarding the burden of
proof and reasonable doubt.

8. The 180-day rule was not violated. The trial court did not
lose jurisdiction to try the defendant.

Affirmed.

REFERENCES

Am Jur 2d, Trial § 221.
Substitution of judge in criminal case. 83 ALR2d 1032.

JUDGES — SUBSTITUTION OF JUDGES.

> The failure of a trial judge who is substituted for another trial judge during a jury trial to certify that the substituted judge has become familiar with the record of the trial before proceeding does not warrant reversal where the defendant is not prejudiced by the substitution (MCR 6.440[A]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Brian T. Moody,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for the defendant on appeal.

Before: CORRIGAN, P.J., and CAVANAGH and L. C. ROOT,* JJ.

PER CURIAM. Defendant was convicted of first-degree felony murder, MCL 750.316; MSA 28.548, and assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, following a third jury trial, the first trial having been declared a mistrial and the second having been declared a partial mistrial. He was sentenced to prison terms of life without parole for the murder conviction, five to ten years for the assault conviction, and two years (to be served consecutively) for his conviction at his second trial of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant appeals as of right and we affirm.

First, defendant contends that he was denied his right to a fair trial by the substitution of a judge during jury deliberations.

The original judge, Judge John A. Murphy, pre-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

sided over jury selection, opening statements, the trial, closing arguments, and the charging of the jury. Judge Murphy also reinstructed the jury as requested. Then, Judge James R. Chylinski substituted for Judge Murphy, who was ill, and he twice reinstructed the jury pursuant to their requests for clarification.

MCR 6.440(A) provides for the substitution of a judge during a jury trial:

> If, by reason of death, sickness, or other disability, the judge before whom a jury trial has commenced is unable to continue with the trial, another judge regularly sitting in or assigned to the court, *on certification of having become familiar with the record of the trial,* may proceed with and complete the trial. [Emphasis added.]

In the present case, the record does not reflect that Judge Chylinski had familiarized himself with the details of the trial. While it is clear that an off-the-record discussion was held, it is not at all clear that the object of that discussion was the court's familiarization with the facts of the case. Hence, it appears that the court rule was not complied with.

Automatic reversals are not favored, however. *People v McCline,* 442 Mich 127, 134, n 10; 499 NW2d 341 (1993). In that case, a new judge was substituted after jury selection but before opening arguments or the introduction of any testimony, although the original judge was not disabled. Our Supreme Court held that, because the defendant failed to demonstrate prejudice, the substitution constituted harmless error. We, therefore, must next determine whether the error was harmless in the present case.

Defendant asserts that he was prejudiced because Judge Chylinski's second reinstruction of the jury omitted the element of malice required to

support the murder element of a felony-murder conviction. We disagree.

Jury instructions are to be read as a whole rather than extracted piecemeal to establish error. *People v Dabish,* 181 Mich App 469, 478; 450 NW2d 44 (1989). Even if somewhat imperfect, there is no error if the instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights. *People v Wolford,* 189 Mich App 478, 481; 473 NW2d 767 (1991).

Judge Murphy twice, and Judge Chylinski once, correctly instructed the jury that, to be found guilty of felony murder, defendant must have acted with the intent to kill, or to do great bodily harm, or knowingly created a very high risk of death or great bodily harm knowing that death or such harm was the likely result of his actions. CJI2d 16.4(3); *People v Aaron,* 409 Mich 672, 733; 299 NW2d 304 (1980). Then, in response to the jury's request for clarification of whether, to prove felony murder, it is necessary that the victim of the felony and the murder victim be one and the same, Judge Chylinski gave the following example:

> I could be in a bank robbing the tellers, and all of a sudden the door opens and here comes some person to do bank business, and if I turn around and shoot that person and kill them, that killing would be in the perpetration of a robbery.

That example contains no reference to the perpetrator's intent. However, it was not incumbent upon Judge Chylinski to reiterate the malice requirement, because that element already had been explained at length and it was not the subject of the jury's request for clarification.

When read as a whole, the instructions given in this case by both judges fairly presented the issues

and sufficiently protected defendant's rights. *Wolford, supra; Dabish, supra.*

Thus, defendant has failed to demonstrate that he was prejudiced by the substitution, which took place only after the jury had already been instructed at length by the judge who presided over the trial. Accordingly, any lack of familiarity with the record on Judge Chylinski's part does not warrant reversal. See *McCline, supra.*

Next, we reject defendant's assertion that the evidence was insufficient to convict him of felony murder. Viewed in a light most favorable to the prosecution, the evidence was sufficient to justify a rational trier of fact in finding guilt beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 513; 489 NW2d 748 (1992). In particular, there was circumstantial evidence to support the inference that defendant intended to commit armed robbery at the time the homicide occurred. *People v Brannon,* 194 Mich App 121, 125; 486 NW2d 83 (1992); *People v Reddick,* 187 Mich App 547, 551; 468 NW2d 278 (1991); *People v Bowers,* 136 Mich App 284, 297; 356 NW2d 618 (1984).

Defendant's argument that the trial court should have ascertained on the record whether he intelligently and knowingly waived his right to testify is without merit. The court has no such duty. *People v Harris,* 190 Mich App 652, 661-662; 476 NW2d 767 (1991).

We also reject defendant's contention that he was prejudiced by the court's failure to conduct a *Wade*[1] hearing regarding identification. Defendant has presented no evidence that his identification was, as he claims, "tainted by suggestive and impermissible pretrial procedures."

Next, we find no merit to defendant's claim that

[1] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

the venire was tainted by prejudicial questioning relating to the prospective jurors' experiences as crime victims. First, the questioning was necessary to determine whether a prospective juror should be excused. See *People v Tyburski,* 196 Mich App 576, 581; 494 NW2d 20 (1992), aff'd 445 Mich 606; 518 NW2d 441 (1994); *People v Taylor,* 195 Mich App 57, 59; 489 NW2d 99 (1992). Secondly, defendant himself used the information elicited to reach conclusions regarding juror impartiality.

Defendant's next assertion, that the prosecutor exceeded the scope of voir dire, is unpreserved for review, in light of defendant's failure to object, his expression of satisfaction with the jury, and his failure to demonstrate prejudice. *People v White,* 168 Mich App 596, 604; 425 NW2d 193 (1988); see *People v Thomas,* 126 Mich App 611, 618; 337 NW2d 598 (1983); *People v Wimbley,* 108 Mich App 527, 535; 310 NW2d 449 (1981).

Next, defendant argues that the court did not clearly and fully define the concepts of the burden of proof and reasonable doubt. Considered as a whole, however, the jury instructions were adequate to protect defendant's rights. *Wolford, supra; Dabish, supra.*

Finally, defendant contends that the state lacked jurisdiction to prosecute him because more than 180 days elapsed between his second and third trials, citing MCL 780.131; MSA 28.969(1) and MCR 6.004(D). He alleges that the delay amounted to approximately 209 days.

The 180-day rule does not require trial to be commenced within 180 days, but obligates the prosecution to take good-faith action during the 180-day period and thereafter to proceed to ready the case against the prison inmate for trial. *People v Crawford,* 161 Mich App 77, 83; 409 NW2d 729 (1987).

Defendant was twice brought to trial in a timely fashion, and his third trial was originally scheduled to take place well within 180 days of the discharge of the jury from the second trial, but it was adjourned because the trial court was "busy with another trial." It is clear that the prosecutor acted in good faith, and that the delay beyond the 180-day period was not accompanied by an evident intent not to bring the case to trial promptly. *People v Hendershot,* 357 Mich 300, 303-304; 98 NW2d 568 (1959).

Moreover, the purpose of the 180-day rule is to dispose of untried charges against prison inmates so that sentences may run concurrently. *People v Smith,* 438 Mich 715, 718; 475 NW2d 333 (1991); *People v McCullum,* 201 Mich App 463, 465; 507 NW2d 3 (1993). That purpose does not apply in the present case where, as defendant acknowledged at his sentencing hearing, he had already been convicted of six counts of felony murder in another case, and was serving six mandatory life sentences at the time of his first trial. See *Smith, supra; McCullum, supra.*

We conclude that the 180-day rule was not violated and that the court did not lose jurisdiction to try defendant.

Affirmed.