PEOPLE v LOCKETT

PEOPLE v JOHNSON

Docket Nos. 296747 and 296848. Submitted June 8, 2011, at Detroit. Decided January 10, 2012, at 9:00 a.m. Leave to appeal denied, 493 Mich 852.

Ashanti B. Lockett and Tadarius R. Johnson were tried together before separate juries in the Wayne Circuit Court. Lockett was convicted of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (penetration under circumstances involving another felony), and accosting a minor for immoral purposes, MCL 750.145a. Johnson was convicted of two counts of CSC-I, MCL 750.520b(1)(a) (penetration involving a person under 13) and MCL 750.520b(1)(c) (penetration under circumstances involving another felony). The "other felony" supporting defendants' convictions for violating MCL 750.520b(1)(c) was disseminating sexually explicit matter to a minor, MCL 722.675(1)(b). The convictions involved two separate incidents. In the first incident, Johnson and another man entered a home where four siblings lived with their mother. Johnson attempted to have sex with J., the youngest sister, who was 12 years old. The second incident occurred several days later when defendants picked up J. and her sisters S. and G., respectively aged 17 and 14, in Lockett's van and took them to a park where defendants engaged in sexual intercourse with S. in the presence of J. The court, Patricia Fresard, J., sentenced Lockett as a fourth-offense habitual offender to concurrent terms of 25 to 45 years' imprisonment for the CSC-I conviction and to 5 to 15 years' imprisonment for the accosting conviction. The court sentenced Johnson to concurrent terms of 25 to 37½ years' imprisonment for the CSC-I conviction under MCL 750.520b(1)(a) and to 5 to 15 years' imprisonment for the CSC-I conviction under MCL 750.520b(1)(c). Lockett (Docket No. 296747) and Johnson (Docket No. 296848) appealed separately. The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. A statute might be unconstitutionally vague if it fails to provide fair notice of the conduct proscribed or is so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred. MCL

750.520b(1)(c) requires the prosecution to prove that (1) sexual penetration occurred and (2) it occurred under circumstances involving the commission of any other felony. To establish CSC-I under MCL 750.520b(1)(c), there must be a direct relationship between the felony and the penetration. Examining the statute's language and scheme as a whole, it is reasonable to conclude that the Legislature intended that the circumstances involving the commission of the other felony directly impact a victim, or recipient, of the sexual penetration. When construed in that manner, the statute is not unconstitutionally vague. However, the statute unconstitutionally invites arbitrary and abusive enforcement when it is applied to situations where, as here, engaging in consensual legal sexual penetration is elevated to CSC-I solely because a minor was present and the "victim" of the sexual penetration was not impacted by the other felony. Thus, the defendants were improperly convicted of CSC-I under MCL 750.520b(1)(c) because S., the "victim" of the sexual penetration in the park, was not affected by the other felony: disseminating sexually explicit matter to a minor, J. Accordingly, the convictions had to be reversed.

2. Under MCL 722.675(1)(b), a person is guilty of disseminating sexually explicit matter to a minor if that person knowingly exhibits to a minor a sexually explicit performance that is harmful to minors. For the purpose of the offense of disseminating sexually explicit matter to a minor, to "disseminate" is to sell, lend, give, exhibit, show, or allow to examine. And to "exhibit" is to present a performance. A "sexually explicit performance" is a motion picture, video game, exhibition, show, representation, or other presentation that, in whole or in part, depicts nudity, sexual excitement, erotic fondling, sexual intercourse, or sadomasochistic abuse. Therefore, a person commits the offense of disseminating sexually explicit matter to a minor if he or she knowingly exhibits to a minor a depiction of nudity, sexual excitement, erotic fondling, sexual intercourse, or sadomasochistic abuse which is harmful to minors. In this case, defendants knew that J., aged 12, was present when they engaged in intercourse with her sister, and given J.'s age and her close proximity to the sexual acts, a jury could have reasonably inferred that defendants were presenting a performance that J. could see and that they knew J. was a minor. There was sufficient evidence to convict defendants of disseminating sexually explicit matter to a minor.

3. A necessarily included lesser offense is an offense whose elements are subsumed within the elements of a greater offense. When evaluating whether an offense is a lesser included offense,

the crimes are to be analyzed with an eye toward how the crimes were actually charged. If the elements at issue are subsumed within the charged offense, the crime is a necessarily included lesser offense. When a conviction for a greater offense is reversed on grounds affecting only the greater offense, an appellate court may remand for entry of judgments of conviction on necessarily included lesser offenses. In this case, the jury could not have convicted the defendants of CSC-I under MCL 750.520b(1)(c) without finding that they had disseminated sexually explicit matter to a minor. Thus, the latter offense was a necessarily included offense and remand for entry of convictions of disseminating sexually explicit matter to a minor, MCL 722.675(1)(b), was appropriate.

4. Under offense variable (OV) 4 of the sentencing guidelines, MCL 777.34, a court must assess 10 points if the victim suffered a serious psychological injury that might require professional treatment. That the victim did not seek professional treatment is not conclusive when scoring the variable, but there must be some evidence of psychological injury on the record to justify the assessment of the points. In this case, the trial court assessed 10 points under OV 4 when scoring Lockett's OVs, stating that the circumstances of the crime would cause any normal person to have suffered psychological injury. However, the record was devoid of evidence that J. had suffered any such injury. Therefore, OV 4 was improperly scored.

5. Under OV 10 of the sentencing guidelines, MCL 777.40, a court must assess 15 points if predatory conduct was involved. "Predatory conduct" is conduct which occurred before the commission of the offense and which was directed at the victim for the primary purpose of victimization. In this case, Lockett picked up the girls in his van in the middle of the night, drove to a liquor store, and then drove to a city park and parked the vehicle. Lockett's actions permitted an inference that he had engaged in this preoffense conduct for the purpose of victimization, and because of J.'s age, she was susceptible to injury, physical restraint, or temptation. The trial court properly assessed 15 points to Lockett under OV 10.

6. Under OV 14 of the sentencing guidelines, MCL 777.44, a trial court must assess 10 points if the defendant was a leader in a multiple-offender situation. The entire criminal episode must be evaluated to determine whether a defendant was a leader. In this case, Lockett argued that it was Johnson who knew the girls and who had coordinated with S. regarding picking the girls up. However, Lockett was significantly older than Johnson, who was

only 18, Lockett owned the van, and it is reasonable to assume that Lockett purchased the alcohol. Thus, there was evidence supporting the trial court's determination that Lockett was a leader in a multiple-offender situation.

7. For reversal to be warranted because the trial court did not give a cautionary accomplice instruction, a defendant must show that it was more probable than not that the error affected the outcome of the proceedings. In this case, the trial court gave the jury a cautionary instruction regarding witness immunity because S. had been given immunity in exchange for her testimony. But the court declined to give the cautionary accomplice instruction, concluding that giving both instructions would confuse the jury. The trial court did not abuse its discretion by denying the request to give both instructions because the instructions given fairly presented the issues and sufficiently protected defendants' rights.

8. To establish an ineffective assistance of counsel claim, a defendant must show that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, and that the result was fundamentally unfair or unreliable. In this case, Johnson argued that he had received ineffective assistance of counsel because his attorney chose to have the court give the witness-immunity instruction rather than the accomplice instruction, but there was no record evidence to show that the result of the proceedings would have been different if trial counsel had chosen the accomplice instruction over the immunity instruction.

9. A defendant is guilty of CSC-I under MCL 750.520b(1)(a) if he or she engaged in sexual penetration with another person and the other person was under 13 years of age. "Sexual penetration" includes sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body. Penetration includes any intrusion into the vagina or labia majora. In this case, Johnson had gone to the siblings' home and attempted to have sex with J. Although J. testified that no penetration occurred, she also testified that their genitals had touched and that she had felt pain and told Johnson to stop. Under the circumstances a rational trier of fact could conclude that Johnson's penis had intruded into J.'s vagina or labia majora and, thus, sufficient evidence was presented to sustain Johnson's conviction of CSC-I under MCL 750.520b(1)(a).

Affirmed in part, reversed in part, and remanded.

1. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — CIRCUMSTANCES INVOLVING ANY OTHER FELONY — CONSTITUTIONALITY — VAGUENESS.

To convict a defendant of first-degree criminal sexual conduct for penetration under circumstances involving any other felony, the prosecution must prove that (1) sexual penetration occurred and (2) it occurred under circumstances involving the commission of any other felony; there must be a direct relationship between the felony and the penetration; the Legislature intended that the circumstances involving the commission of the other felony directly impact a victim, or recipient, of the sexual penetration, and when construed in that manner, the statute is not unconstitutionally vague; however, the statute unconstitutionally invites arbitrary and abusive enforcement when it is applied to situations in which engaging in consensual legal sexual penetration is elevated to first-degree criminal sexual conduct solely because a minor was present and the "victim" of the sexual penetration was not impacted by the other felony (MCL 750.520b[1][c]).

2. CRIMINAL LAW — DISSEMINATION OF SEXUALLY EXPLICIT MATTER TO A MINOR — SEXUALLY EXPLICIT PERFORMANCES.

A person is guilty of disseminating sexually explicit matter to a minor if that person knowingly exhibits to a minor a sexually explicit performance that is harmful to minors; for the purpose of the offense of disseminating sexually explicit matter to a minor, to "disseminate" is to sell, lend, give, exhibit, show, or allow to examine; and to "exhibit" is to present a performance; a "sexually explicit performance" is a motion picture, video game, exhibition, show, representation, or other presentation that, in whole or in part, depicts nudity, sexual excitement, erotic fondling, sexual intercourse, or sadomasochistic abuse; therefore, a person commits the offense of disseminating sexually explicit matter to a minor if he or she knowingly exhibits to a minor a depiction of nudity, sexual excitement, erotic fondling, sexual intercourse, or sadomasochistic abuse which is harmful to minors (MCL 722.675[1][b]).

3. CRIMINAL LAW — NECESSARILY INCLUDED LESSER OFFENSES — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — DISSEMINATING SEXUALLY EXPLICIT MATTER TO A MINOR.

A necessarily included lesser offense is an offense whose elements are subsumed within the elements of a greater offense; when evaluating whether an offense is a lesser included offense, the crimes are to be analyzed with an eye toward how the crimes were actually charged; if the elements at issue are subsumed within the charged offense, the crime is a necessarily included lesser offense;

when a conviction for a greater offense is reversed on grounds affecting only the greater offense, an appellate court may remand for entry of judgments of conviction on necessarily included lesser offenses; when a jury cannot convict a defendant of first-degree criminal sexual conduct without finding that the defendant disseminated sexually explicit matter to a minor, the latter offense is a necessarily included lesser offense (MCL 722.675[1][b], MCL 750.520b[1][c]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jason W. Williams*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Michael L. Mittlestat*) for Ashanti B. Lockett.

*Neil J. Leithauser* for Tadarius R. Johnson.

Before: METER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM. Defendant Ashanti Bryant Lockett appeals as of right from his convictions by a jury of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (penetration under circumstances involving another felony), and accosting a minor for immoral purposes, MCL 750.145a. The trial court, applying a fourth-offense habitual offender enhancement under MCL 769.12, sentenced Lockett to 25 to 45 years' imprisonment for the CSC-I conviction and to a concurrent term of 5 to 15 years' imprisonment for the accosting conviction. Defendant Tadarius Rashard Johnson appeals as of right from his convictions by a jury of two counts of CSC-I, MCL 750.520b(1)(a) and (c) (penetration involving a person under 13; penetration under circumstances involving another felony). The trial court sentenced Johnson to concurrent terms of 25 to 37½ years' imprisonment for

the conviction under subdivision (a) and to 5 to 15 years' imprisonment for the conviction under subdivision (c). We affirm Johnson's conviction of CSC-I under MCL 750.520b(1)(a) and affirm Lockett's conviction of accosting a minor for immoral purposes. We reverse both defendants' convictions of CSC-I under MCL 750.520b(1)(c) and remand this case for entry of convictions on the lesser included offense of disseminating sexually explicit matter to a minor, MCL 722.675(1)(b).

### I. FACTS AND PROCEDURAL HISTORY

During the early morning hours of September 6, 2009, Johnson and another man entered the home where S. (17 years old), N. (16 years old), G. (14 years old), and J. (12 years old) lived with their mother. The men entered by climbing up a metal awning outside of the building. After Johnson woke J. from her sleep, J. walked to a different room where she saw G. with another man. J. did not recognize the other man and eventually returned to her bed. J. removed her pajamas and Johnson removed his clothing and J.'s underwear. Johnson and J. attempted to have sex. J. testified that there was no penetration, but that she felt pain "where she pees" and she told Johnson to stop. Johnson stopped and got dressed. Johnson and the other man stayed until approximately 8:00 a.m. before leaving.

The girls' mother noticed damage to her awning that morning and questioned the children about it. She learned that two men had been over during the night, and she took G. and J. to the police station. J. told the police that no penetration had occurred between her and Johnson. The mother subsequently took J. to the hospital for an examination, which revealed nothing out of the ordinary. No DNA evidence was found.

G. and J. decided to run away from home with S. because of punishments imposed by their mother. S., G., and J. left their mother's home and stayed at a friend's house. Very early on September 9, 2009, S., G., and J. left the friend's house. Johnson called S. on her cellular telephone, and S. told Johnson where to pick up the girls. Johnson and Lockett arrived in a van. The girls got in and then drove with defendants to a liquor store, where defendants acquired liquor. Lockett then drove the van to a park and parked the vehicle.

The interior of the van had three rows of seats, including a driver's and passenger's seat in the front row, two "captain-style" seats in the second row, and a bench seat in the third row that had been folded down to resemble a bed. While G. and J. were seated in the van's front driver's and passenger's seats, Lockett and S. moved to the rear of the van, disrobed, and engaged in sexual intercourse. After Lockett and S. had finished, Johnson moved to the rear row of the van and engaged in sexual intercourse with S. At some point Lockett asked G. and J. to go into the rear of the van with him. J. refused, but G. eventually agreed to go. J. testified that Lockett grabbed her arm at one point while trying to persuade her to go into the back of the van with him.

Officer Michael Garrison of the Detroit Police Department was on patrol with his partner at around 1:30 a.m. on September 9 when he saw a van parked after hours in a city park. Officer Garrison saw a girl he later identified as G. sitting on a park bench near the van. As Officer Garrison approached the van, G. ran into the van. When Officer Garrison arrived at the van, he could see through the front and driver's side windows. He saw that no one was in the front seats, S. was straddling Lockett in the nude on one of the captain's seats, and

Johnson and J. were lying in the rear row. J.'s shirt was pulled down and her breasts were exposed.

Lockett was eventually charged with CSC-I under MCL 750.520b(1)(c), for penetration of S. committed under circumstances involving a felony, where the felony was disseminating sexually explicit matter to J., a minor who was in plain view, under MCL 722.675(1)(b). The trial court found that there was a sufficient nexus between Lockett's sexual penetration of S. and the crime of disseminating sexually explicit matter to J. to justify the charge of CSC-I. Lockett was also charged with accosting a minor for immoral purposes, MCL 750.145a.

Johnson was eventually charged with CSC-I under MCL 750.520b(1)(a) for penetrating J. at her home. Johnson was charged with a second count of CSC-I under MCL 750.520b(1)(c) for penetration of S. committed under circumstances involving a felony, where the felony was, as with Lockett, disseminating sexually explicit matter to J., a minor who was in plain view, under MCL 722.675(1)(b). The trial court once again found that there was a sufficient nexus between the sexual penetration of S. and the crime of disseminating sexually explicit matter to J. to justify the charge of CSC-I.

Lockett and Johnson were tried together but with separate juries. At the conclusion of the trial, both Lockett and Johnson were convicted as charged.

## II. ANALYSIS

### A. SEXUAL PENETRATION UNDER CIRCUMSTANCES INVOLVING ANOTHER FELONY

Defendants first argue that MCL 750.520b(1)(c) is unconstitutionally vague and that it invites arbitrary and

abusive enforcement by prosecutors, police, and juries when applied to situations such as the instant one.

This Court determines de novo whether a statute is unconstitutionally vague. *People v Rogers*, 249 Mich App 77, 94; 641 NW2d 595 (2001). This Court also reviews de novo issues of statutory interpretation. *People v Giovannini*, 271 Mich App 409, 411; 722 NW2d 237 (2006). A statute might be unconstitutionally vague if, among other reasons, it "fails to provide fair notice of the conduct proscribed" or "is so indefinite that it confers unlimited and unstructured discretion on the trier of fact to determine whether an offense has occurred." *People v Hrlic*, 277 Mich App 260, 263; 744 NW2d 221 (2007). To determine whether a statute is unconstitutionally vague, this Court examines the entire text of the statute and gives the words of the statute their ordinary meanings. *Id.* The meanings of all terms contained in the statute "must be fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Id.* (quotation marks and citations omitted).

Defendants challenge MCL 750.520b(1)(c), which states:

> (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
>
> * * *
>
> (c) Sexual penetration occurs under circumstances involving the commission of any other felony.

The plain language of the statute requires the prosecution to prove that (1) sexual penetration occurred and (2) it occurred "under circumstances involving the

commission of any other felony." This Court has previously held that there must be a sufficient nexus between the "other felony" and the sexual penetration; specifically, there must be a "direct interrelationship" between the felony and the penetration. *People v Waltonen*, 272 Mich App 678, 691-693; 728 NW2d 881 (2006).

In *Waltonen*, this Court found that the other felony, also referred to as the underlying felony, was directly related to the sexual penetration when the defendant demanded and received sex in exchange for providing Oxycontin. *Id.* at 682, 693. Oxycontin contains oxycodone, a controlled substance, and the unauthorized delivery of Oxycontin is a felony. *Id.* at 679-680. Thus, the other felony was committed when the defendant provided the Oxycontin. *Id.* This Court found that the other felony and the sexual penetration were directly related because "the only reason the victim engaged in sexual penetration was to acquire the drugs," and the controlled substance "would be delivered to the victim after the sexual act and only because of the sexual act." *Id.* at 693.

In this case, the trial court found a sufficient nexus between the other felony and the sexual penetration. The court found that the other felony occurred when Lockett and Johnson engaged in sexual penetration with S. in plain view of J., a minor. Under MCL 722.675(1)(b), a person is guilty of the felony of disseminating sexually explicit matter to a minor if that person knowingly exhibits a sexually explicit performance to a minor that is harmful to the minor. The prosecution argues that there was a sufficient nexus between the sexual penetration and the other felony because the exhibition would not have occurred had there not been sexual penetration. Defendants argue, however, that

the statute invites arbitrary and abusive enforcement when the victim of the other felony is not the "victim" of the sexual penetration.

Defendants point out a number of "ridiculous" circumstances in which a sexual penetration could occur during the commission of another felony. Many of the circumstances defendants cite involve situations in which the underlying felony would not have a sufficient nexus to the sexual penetration. While this Court, in discussing the broad scope of MCL 750.520b(1)(c) and urging the Legislature to revisit the statute, has previously noted that "a voluminous number of felonious acts can be found in the Penal Code," *Waltonen*, 272 Mich App at 694 n 8, and there may very well be a number of "ridiculous" hypothetical circumstances to which the statute could apply,[1] defendants cannot argue that a statute is unconstitutionally vague when First Amendment freedoms are not involved and when the argument is based on hypotheticals. *People v Knapp*, 244 Mich App 361, 374 n 4; 624 NW2d 227 (2001). The focus must instead be on the specifics of the case at hand. *Id*. Therefore, this Court is only concerned with whether defendants' specific conduct was fairly within the constitutional scope of the statute.

MCL 750.520b(1)(c) prohibits engaging in sexual penetration with another person under circumstances involving the commission of any other felony, as long as that felony is directly related to the sexual penetration. *Waltonen*, 272 Mich App at 691. Arguably, the sexual penetration and the other felony were directly related in this case, because the other felony likely would not have occurred had there not been a sexual penetration.

---

[1] For instance, a person could commit CSC-I by engaging in adultery because adultery is prohibited as a felony under MCL 750.30. See *Waltonen*, 272 Mich App at 694 n 8.

However, we find that MCL 750.520b(1)(c) unconstitutionally invites arbitrary and abusive enforcement when it is applied to situations where, as here, engaging in consensual, legal sexual penetration is elevated to CSC-I solely because a minor was present and the "victim" of the penetration was not impacted by the additional felony. When a general class of offenses is plainly within a statute's terms but marginal cases may lead to unconstitutionality, this Court has a duty to give a reasonable statutory construction to the statute to prevent the entire statute from being rendered unconstitutional. *People v Gagnon*, 129 Mich App 678, 684; 341 NW2d 867 (1983). A paramount principle in statutory construction is that this Court reads the statute "as a whole" rather than reading each provision alone. *People v Jackson*, 487 Mich 783, 791; 790 NW2d 340 (2010). While individual words and phrases are important, they must be read in context so that the legislative intent is given effect. *Id.* at 790-791.

MCL 750.520b(1)(c) can be made constitutionally definite by a reasonable construction. MCL 750.520b(1) provides that "[a] person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person" and certain other conditions are met. These other conditions are subsequently set forth in eight subdivisions, MCL 750.520b(1)(a) through (h). While subdivision (a) does not use the term "victim," there can be no dispute that this subdivision's purpose is to protect minors under 13 years of age. Subdivision (b) uses the term "other person" rather than "victim," but immediately afterward, subparagraphs (b)(*i*) through (*iii*) refer to the "other person" as "the victim." Subdivisions (d) through (h) all refer to "the victim." The references to "the victim" in these subdivisions clearly refer back to the language in the first sentence of subsection (1)

concerning "another person." Further, in describing the penalties for violating subsection (1), subsection (2) indicates that a violation of the statute is a crime *against* the other person:

> Criminal sexual conduct in the first degree is a felony punishable as follows:
>
> (a) Except as provided in subdivisions (b) and (c), by imprisonment for life or for any term of years.
>
> (b) For a violation that is committed by an individual 17 years of age or older *against an individual* less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years.
>
> (c) For a violation that is committed by an individual 17 years of age or older *against an individual* less than 13 years of age, by imprisonment for life without the possibility of parole if the person was previously convicted of a violation of this section or section 520c, 520d, 520e, or 520g committed against an individual less than 13 years of age or a violation of law of the United States, another state or political subdivision substantially corresponding to a violation of this section or section 520c, 520d, 520e, or 520g committed against an individual less than 13 years of age. [MCL 750.520b(2).]

When this Court examines the statute's language and scheme as a whole, it is clear that when referring to "another person" in MCL 750.520b(1) the Legislature thought that the "person" would be a victim and that a violation of the statute would be a crime against that "person." It is reasonable to conclude that, in enacting MCL 750.520b(1)(c), the Legislature intended that the "circumstances involving the commission of [the] other felony" directly impact a "victim," or recipient, of the sexual penetration.

This reading is consistent with other cases that have interpreted MCL 750.520b(1)(c). In *Waltonen*, this Court repeatedly referred to the other person as "the

victim" of the sexual penetration. *Waltonen*, 272 Mich
App at 680-693. In addition, the victim of the sexual
penetration was directly impacted by the circumstances
of the other felony because the defendant delivered the
Oxycontin to the victim. *Id.* at 682, 693. In *People v
Pettway*, 94 Mich App 812, 814; 290 NW2d 77 (1980),
the defendant was convicted of CSC-I after he broke
into a home and sexually penetrated a victim. The
victim of the sexual penetration was also a victim of the
other felony because the victim was an occupant of the
home that the defendant broke into and entered. *Id.* at
818. In *People v Wilkens*, 267 Mich App 728, 736; 705
NW2d 728 (2005), the defendant was convicted of CSC-I
after he produced sexually abusive material involving a
minor. The penetration "victims"[2] were the children
with whom the defendant produced the sexually abu-
sive material. See *id.* at 732, 737-738. The victims of the
sexual penetration were also victims of the underlying
felony because they were involved in the production of
the sexually abusive material. *Id.*

In this case, defendants were convicted of CSC-I
when the underlying felony was disseminating sexually
explicit matter to a minor, J., who was then 12 years old.
J. was not the "victim" of the sexual penetration. Even
though the "explicit matter" would not have been
disseminated to J. without the sexual penetration of S.,
this Court cannot uphold a conviction of CSC-I when
the "victim" of the sexual penetration was not impacted

---

[2] We use quotation marks here because one of the victims was 16, i.e.,
above the age of consent. See *Wilkens*, 267 Mich App at 732, MCL
750.520d(1)(a) (stating that sexual penetration with another person who
is at least 13 years of age and less than 16 years of age is third-degree
criminal sexual conduct), and MCL 750.520e(1)(a) (stating that sexual
contact with another person who is at least 13 years of age but less than
16 years of age by a person who is five or more years older than that
person is fourth-degree criminal sexual conduct).

by the circumstances of the underlying felony. This Court reverses defendants' convictions of CSC-I under MCL 750.520b(1)(c).

### B. DISSEMINATING SEXUALLY EXPLICIT MATTER TO A MINOR

Defendants next argue that there was insufficient evidence to convict each of them of the underlying felony of disseminating sexually explicit matter to a minor under MCL 722.675(1)(b). This Court reviews de novo challenges to the sufficiency of the evidence to determine whether "any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007) (quotation marks and citation omitted). This Court resolves all conflicts regarding the evidence in favor of the prosecution, and "[c]ircumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *Wilkens*, 267 Mich App at 738.

MCL 722.675(1) provides that

[a] person is guilty of disseminating sexually explicit matter to a minor if that person . . .

\* \* \*

(b) [k]nowingly exhibits to a minor a sexually explicit performance that is harmful to minors.

MCL 722.671(b) defines "disseminate" as "to sell, lend, give, exhibit, show, or allow to examine . . . ." "Exhibit" is defined, in part, as "[p]resent a performance," MCL 722.671(c)(*i*), and " 'sexually explicit performance' means a motion picture, video game, exhibition, show, representation, or other presentation that, in whole or in part, depicts nudity, sexual excitement, erotic fondling, sexual intercourse, or sadomasochistic abuse,"

MCL 722.673(g). Therefore, a defendant violates MCL 722.675(1)(b) if he or she knowingly exhibits to a minor a depiction of nudity, sexual excitement, erotic fondling, sexual intercourse, or sadomasochistic abuse that is harmful to minors.

When viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that defendants violated MCL 722.675(1)(b). Defendants knew that J. was present in the van when each of them disrobed and engaged in sexual intercourse with S. Defendants argue that they were not "exhibiting" because each defendant and S. moved to the back of the van and they were not attempting to stage a performance or make their efforts visible. Defendants also note that J. testified that it was "hard to see back there" and that she only looked there once. However, given the age of J. and her close proximity to the sexual acts, a jury could have reasonably inferred that defendants were presenting a performance that J. could see and that they knew J. was a minor. A reasonable juror could have found that even though defendants and S. moved to the back of the van, they were still exhibiting to a minor a sexually explicit performance that was harmful to the minor. There was sufficient evidence to convict defendants of disseminating sexually explicit matter to a minor under MCL 722.675(1)(b).

"[W]hen a conviction for a greater offense is reversed on grounds that affect only the greater offense," this Court may remand for entry of judgments of conviction on necessarily included lesser offenses. *People v Bearss*, 463 Mich 623, 631; 625 NW2d 10 (2001) (quotation marks and citation omitted). "A necessarily included lesser offense" is an offense whose elements are subsumed within the elements of a greater offense. *People*

*v Wilder*, 485 Mich 35, 41; 780 NW2d 265 (2010). When evaluating whether an offense is a lesser included offense, the crimes are to be analyzed with an eye toward how the crimes were actually charged. See *id.* at 45. "As long as the elements at issue are subsumed within the charged offense, the crime is a necessarily included lesser offense." *Id.* at 44.

Defendants were charged with committing CSC-I, MCL 750.520b(1)(c), by sexually penetrating S. while committing the felony of disseminating sexually explicit matter to a minor, MCL 722.675(1)(b). Because a jury could not have convicted defendants on the charged counts of CSC-I under MCL 750.520b(1)(c) without determining that defendants also committed the underlying felony, the underlying felony is a necessarily included lesser offense. Thus, we remand this case for entry of convictions on defendants' lesser included offenses under MCL 722.675(1)(b).

### C. LOCKETT'S SENTENCING GUIDELINES

Lockett argues that the trial court incorrectly assessed 10 points for offense variable (OV) 4 (psychological injury to victim), 15 points for OV 10 (exploitation of vulnerable victim), and 10 points for OV 14 (offender's role). This Court reviews a trial court's scoring of a sentencing guidelines variable for clear error. *People v Hicks*, 259 Mich App 518, 522; 675 NW2d 599 (2003). A scoring decision is not clearly erroneous if the record contains "*any* evidence in support of the decision." *Id.* (quotation marks and citations omitted).

We agree that the court incorrectly assessed 10 points for OV 4. OV 4 asks the court to determine whether a serious psychological injury requiring professional treatment occurred to a victim. MCL 777.34. The court properly assesses 10 points when a victim suffers a

serious psychological injury that might require professional treatment. MCL 777.34(2). The fact that the victim did not seek professional treatment is not conclusive when scoring the variable. MCL 777.34(2); *Wilkens*, 267 Mich App at 740. There must be some evidence of psychological injury on the record to justify a 10-point score. *Hicks*, 259 Mich App at 535.

The record is devoid of evidence to indicate whether J. suffered a serious psychological injury. There was no testimony indicating that J. suffered a psychological injury, the presentence report contains no information that would indicate any victims suffered psychological harm, and the record does not include a victim-impact statement. The trial court's entire statement on the matter was that "[c]learly this type of situation, looking at the whole circumstances of the sexual situation with the sisters being involved, and these two defendants, would cause any normal person of that age serious psychological injury; whether there was treatment or not, is not an issue." The trial court may not simply assume that someone in the victim's position would have suffered psychological harm because MCL 777.34 requires that serious psychological injury "*occurred* to a victim." (Emphasis added.) This Court cannot find any evidence to support the trial court's decision to assess 10 points for OV 4.

Lockett also argues that the trial court incorrectly assessed 15 points for OV 10. OV 10 addresses the exploitation of a vulnerable victim. MCL 777.40. The court must assess 15 points when "[p]redatory conduct was involved[.]" MCL 777.40(1)(a). "Predatory conduct" means conduct that occurred before the commission of the offense and that was directed at the victim for the primary purpose of victimization. MCL 777.40(3)(a); *People v Cannon*, 481 Mich 152, 160-161; 749 NW2d 257 (2008).

Evidence on the record supports the trial court's decision to assess Lockett 15 points for OV 10. Lockett picked up J. in the middle of the night in his van. Lockett drove to a liquor store to purchase alcohol. He then drove the van to a city park and parked it. Because of J.'s young age, she was susceptible to injury, physical restraint, or temptation. Moreover, given Lockett's actions that night, it is a reasonable inference that victimization was his primary purpose for engaging in the preoffense conduct. The trial court correctly scored OV 10.

Finally, Lockett argues that the trial court erroneously assessed 10 points for OV 14. A trial court appropriately assesses 10 points for OV 14 when the defendant was a leader in a multiple-offender situation. MCL 777.44(1)(a); *People v Apgar*, 264 Mich App 321, 330; 690 NW2d 312 (2004). The entire criminal episode must be evaluated to determine whether a defendant was a leader. MCL 777.44(2)(a); *Apgar*, 264 Mich App at 330.

Lockett argues that it was Johnson who had the preexisting relationship and contact with the girls and who coordinated with S. regarding when and where to pick the girls up, and that even though Lockett was older than Johnson, none of the participants showed Lockett any deference based on his age. While we agree that there are facts that may indicate that Johnson was a leader, our review is limited to an evaluation for clear error, and a scoring decision is not clearly erroneous if the record contains *any* evidence supporting the decision. *Hicks*, 259 Mich App at 522. Lockett was 35 and Johnson was 18, making Lockett significantly older than Johnson; Lockett owned and drove the van in which he picked the girls up and in which the sexual acts occurred; and it is reasonable to assume that

Lockett purchased the alcohol. The trial court noted that Johnson "could not even have done all this on his own, with the lack of aid, and the van." There is evidence on the record to support the trial court's determination that Lockett was a leader in this situation.

### D. ACCOMPLICE CAUTIONARY INSTRUCTION

Defendants next argue that the trial court abused its discretion when it failed to give the jury the accomplice cautionary instruction and instead only gave the jury the immunity instruction regarding S.'s testimony. A trial court's decision whether to give a cautionary accomplice instruction is reviewed for an abuse of discretion. *People v Young*, 472 Mich 130, 135; 693 NW2d 801 (2005). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

Jury instructions are to be read as a whole and, even if somewhat imperfect, no error exists if the instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights. *People v Bell*, 209 Mich App 273, 276; 530 NW2d 167 (1995). For reversal to be warranted based on the absence of a cautionary accomplice instruction, a defendant has the burden to show that it was more probable than not that the error affected the outcome of the proceedings. *Young*, 472 Mich at 141-142.

The trial court refused to give both the immunity instruction contained in CJI2d 5.13 and the accomplice instruction contained in CJI2d 5.6 because it determined that providing both instructions would be "very confusing to the jury," and instead it let defendants choose which of the two instructions was to be given.

We conclude that the trial court did not abuse its discretion in denying the request to have both instructions presented because the instructions as given fairly presented the issues to the jury and sufficiently protected defendants' rights. The primary purpose of both instructions is to raise the jury's awareness of the potential ulterior motives of the witness. Both the accomplice and immunity instructions caution the jury that the witness may have some reason not to testify truthfully. The immunity instruction's cautions about S.'s credibility were extensive enough to sufficiently protect defendants' rights. Defendants have also failed to establish that a difference in jury instructions would have affected the outcome of the case, given that S.'s testimony that she had sexual intercourse with each defendant in the back of the van was supported by other testimony, including the testimony of J. and Officer Garrison.

Johnson also argues that he was denied the effective assistance of counsel when his trial counsel chose the immunity instruction instead of the accomplice instruction. We disagree. Unpreserved issues concerning ineffective assistance of counsel are reviewed for errors apparent on the record. *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002). "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id.*

Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. See *id.* at 578. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Davenport*, 280 Mich App 464, 468; 760 NW2d 743 (2008). A defendant must also show that the result that did occur was fundamentally unfair or unreliable. *Id.*

There is no evidence on the record to support Johnson's contention that his trial counsel's performance was objectively unreasonable, and there is no evidence on the record to support Johnson's contention that the result of the proceedings would have been different had his trial counsel chosen the accomplice instruction over the immunity instruction.

### E. SEXUAL PENETRATION OF A CHILD UNDER AGE 13

Johnson argues that the prosecution presented insufficient evidence to support his conviction of CSC-I under MCL 750.520b(1)(a) (penetration of a person under age 13). The elements of CSC-I under MCL 750.520b(1)(a) are that (1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age. *People v Hammons*, 210 Mich App 554, 556-557; 534 NW2d 183 (1995). " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." MCL 750.520a(r). Johnson does not contest the second ele-

ment, that J. was 12 years old at the time of the alleged penetration. Johnson argues that because J. repeatedly denied that penetration occurred, no rational trier of fact could have found beyond a reasonable doubt that he engaged in sexual penetration with J. We disagree.

J. did deny that any penetration occurred. However, J. was not given the legal definition of "penetration." According to the law, "penetration" is *any* intrusion, however slight, into the vagina *or* the labia majora. *Id.*; *People v Whitfield*, 425 Mich 116, 135 n 20; 388 NW2d 206 (1986). J. testified that she and Johnson were attempting to have sexual intercourse and that Johnson's "private" was touching her "private." She testified that Johnson's "private" was touching where she would use tissue while wiping after urination, and that she experienced pain going into her "private parts."

When viewing J.'s testimony in the light most favorable to the prosecution, the jury could have reasonably inferred that Johnson's penis intruded, however slightly, into J.'s vagina or labia majora. Because a rational trier of fact could have found that Johnson engaged in sexual penetration with J., we affirm Johnson's conviction of CSC-I for engaging in sexual penetration with a person under 13 years of age.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

METER, P.J., and CAVANAGH and SERVITTO, JJ., concurred.