# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 30, 2014

Plaintiff-Appellee,

v

No. 317067
Wayne Circuit Court
LC No. 12-011677-FC

CALVIN LAMONT GLOSTER,

Defendant-Appellant.

Before: MURRAY, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

A jury convicted defendant of armed robbery under MCL 750.529, and possession of a firearm during the commission of a felony ("felony-firearm") under MCL 750.227b. On appeal, he claims that the prosecution presented insufficient evidence to sustain his felony-firearm conviction. For the reasons stated below, we affirm.

## I. STANDARD OF REVIEW

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Lockett,* 295 Mich App 165, 180; 814 NW2d 295 (2012). The evidence must be viewed in the light most favorable to the prosecution, to determine if any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese,* 491 Mich 127, 139; 815 NW2d 85 (2012).

## II. ANALYSIS

The elements of felony-firearm are: (1) the defendant possessed a firearm, (2) during the commission of, or the attempt to commit, a felony. MCL 750.227b; and *People v Avant,* 235 Mich App 499, 505; 597 NW2d 864 (1999). MCL 750.222(d) defines a "firearm" as "a weapon from which a dangerous projectile may be propelled by an explosive, or by gas or air." A firearm does not include "a smooth bore rifle or handgun designed and manufactured exclusively for propelling by a spring, or by gas or air, BBs not exceeding .177 caliber." MCL 750.222(d). The crime of felony-firearm does "not require proof that the firearm was 'operable' or 'reasonably or readily operable.' Rather, the statute requires only that the weapon be of a type that is designed or intended to propel a dangerous projectile." *People v Peals,* 476 Mich 636, 642; 720 NW2d 196 (2006).

-1-

Here, defendant says that the prosecution did not present sufficient evidence to sustain his conviction of felony-firearm, because it did not establish the type of firearm he used in the offense or whether the firearm was real. Actually, the prosecution presented substantial evidence, in the form of the victim's testimony and defendant's own admission at a police interrogation, that defendant possessed a firearm when he committed the robbery.

Specifically, the victim testified at trial that she was robbed by three men, each of whom pointed a gun at her. She further testified that she believed the gun being held by the man who took her purse[1] made a noise. When asked to describe that noise, the victim testified that she "believed it to be that he cocked the gun." There was no evidence to suggest that the gun was not real. Further, in his interrogation statements, defendant admitted that he possessed a .38 caliber gun during another robbery that he committed approximately 12 hours later. The prosecution accordingly presented more than sufficient evidence to allow a rational trier of fact to find defendant guilty of felony-firearm beyond a reasonable doubt.

Affirmed.

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[1] Defendant admitted in his interrogation that he took the victim's purse.