# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 25, 2018

Plaintiff-Appellee,

v

No. 339505
Branch Circuit Court
LC No. 16-081816-FC

JAMIE LYNN COYLE,

Defendant-Appellant.

Before: BOONSTRA, P.J., and O'CONNELL and TUKEL, JJ.

PER CURIAM.

A jury convicted defendant of five counts of second-degree criminal sexual conduct (CSC-II) under MCL 750.520c(1)(b)(*i*) or (*iii*) (sexual contact with a person between 13 and 15 years of age when the actor was a member of the same household as the victim or the actor used his/her position of authority over the victim). As defendant was a fourth-offense habitual offender, MCL 769.12, the trial court sentenced defendant to 228 to 480 months' imprisonment for each of the five counts, to run concurrently. We affirm.

This case arises from defendant's sexual misconduct with the victim, the 13-year-old daughter of his girlfriend.

Defendant contends on appeal that he was denied due process of law because the trial court did not advise him of his right to testify, depriving him of the opportunity to make a voluntary, informed decision. We disagree.

"Constitutional questions . . . are reviewed de novo." *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006). But because defendant failed to preserve his claim of constitutional error, our review is for plain error affecting defendant's substantial rights. *Id*.

A criminal defendant has a constitutional right to testify in his own defense. *Rock v Arkansas*, 483 US 44, 51-52; 107 S Ct 2704; 97 L Ed 2d 37 (1987); *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). "Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *Bonilla-Machado*, 489 Mich at 419. If the defendant "decides not to testify or acquiesces in his attorney's decision that he not testify, the right will be deemed waived." *People v Simmons*, 140 Mich App 681, 685; 364 NW2d 783 (1985) (quotation marks and citation omitted).

-1-

In *People v Harris*, 190 Mich App 652, 661-662; 476 NW2d 767 (1991), this Court held that the trial court has no duty to advise a defendant of the right to testify on one's own behalf. *Harris* further held that, at trial, a court is not required to determine whether a defendant's failure to testify was the result of a knowing and intelligent waiver of that right. *Id.* Defendant acknowledges *Harris* but requests that we overrule it. However, *Harris* is binding precedent, and even if we were inclined to agree with defendant (and we are not), we could not overrule it. MCR 7.215(J)(1).

First and foremost, defendant provides no support for his position that *Harris* should be overruled. Second, this Court has adhered to the view set forth in *Harris* since 1985. See *Simmons*, 140 Mich App at 684 ("We agree with the majority of courts which have addressed this issue and decline to require an on-the-record waiver of defendant's right to testify. Such a requirement would necessarily entail the trial court's advising defendant of his right to testify."). And third, subsequent panels of this Court have cited *Harris* for the proposition that the trial court has no duty to inquire as to whether defendant made a knowing and intelligent waiver of the right to testify. See, e.g., *People v Bell*, 209 Mich App 273, 277; 530 NW2d 167 (1995) ("Defendant's argument that the trial court should have ascertained on the record whether he intelligently and knowingly waived his right to testify is without merit. The court has no such duty."). In fact, we could find no case questioning the holding and no negative treatment of the decision, nor does defendant present any. Accordingly, not only are we bound by *Harris*, but we also decline to question its holding and decline to call for a conflict panel. See MCR 7.215(J)(2).[1]

Affirmed.

/s/ Mark T. Boonstra
/s/ Peter D. O'Connell
/s/ Jonathan Tukel

---

[1] Defendant also makes a curious reference in his brief on appeal that defense counsel acted unreasonably in not allowing defendant to testify at trial. However, defendant also concedes that he cannot meet the necessary prejudice requirement to succeed on an ineffective assistance of counsel claim. See *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Therefore, to the extent defendant is raising such a claim, that claim is waived.