*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 18, 2021

Plaintiff-Appellee,

v

No. 351220
Oakland Circuit Court

ERIC JAMES LEWIS,

LC No. 2019-270832-FH

Defendant-Appellant.

Before: O'BRIEN, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of one count of second-degree fleeing and eluding a police officer, MCL 257.602a(4), and one count of driving with a suspended license (DWLS), second or subsequent offense, MCL 257.904(3)(b). We affirm.

## I. FACTS

On the evening of December 5, 2018, Officer Brandon Tucker was on traffic detail in a fully marked police car. A little after 11:30 p.m., Officer Tucker received an alert from another officer about a Chrysler 300 that was speeding. Soon after, Officer Tucker saw the car traveling "at a high rate of speed" and activated his emergency lights to conduct a traffic stop. After the car stopped, Officer Tucker went to the driver's side of the vehicle and, standing outside the driver's window, observed a driver and two passengers. Officer Tucker estimated that he was "well within" 5 feet of the vehicle, and said that he could see "most" of the driver's face. Before Officer Tucker could complete the traffic stop, the driver drove away and fled into a residential area, driving significantly over the speed limit. Officer Tucker decided not to pursue the car because he believed doing so would be unsafe. Despite Officer Tucker's asking, no one in the car provided the officer with identification before the vehicle fled.

Immediately after the car fled, Officer Tucker returned to his patrol car to investigate the identity of the driver. He searched the license plate number of the vehicle and found the name and picture of the registered owner, but the registered owner was not the person Officer Tucker saw driving the car. Officer Tucker continued investigating and found another person linked to the registered owner of the vehicle. When Officer Tucker pulled up a picture of this person, he

-1-

immediately recognized the man in the photograph as the driver of the car. The man depicted in the picture was defendant. This identification led to defendant's arrest and trial.

Before trial, defendant moved for a *Wade*[1] hearing and sought suppression of Officer Tucker's identification. The trial court held a hearing on defendant's motion, at which defense counsel argued that the identification process Officer Tucker used was impermissibly suggestive because he identified defendant using only one photograph. Defense counsel relied on *People v Gray*, 457 Mich 107; 577 NW2d 92 (1998), to support this assertion. After listening to the parties' arguments, the trial court denied defendant's motion. The court distinguished this case from *Gray* and explained that there was nothing suggestive about an officer viewing a photo during the course of an investigation.

Officer Tucker was the sole witness at trial. Officer Tucker made an in-court identification of defendant as the driver of the vehicle. The prosecution also presented video taken from Officer Tucker's body cam on the night of the accident, as well as still shots from the video. In the video and photographs, the left side of the driver's face is clearly visible, and at one point almost all of the driver's face is visible. Defendant was convicted as stated above, and now appeals as of right.

## II. *WADE* HEARING AND IDENTIFICATION EVIDENCE

Defendant argues the trial court erred by denying his motion for a *Wade* hearing, and that the trial court should have suppressed Officer Tucker's identification. We disagree.

"While we review the trial court's decision whether to hold an evidentiary hearing for an abuse of discretion, the trial court's decision to admit or deny identification evidence is reviewed for clear error." *People v Craft*, 325 Mich App 598, 609; 927 NW2d 708 (2018) (citations omitted).

It is not an abuse of discretion for a trial court to deny a defendant's request for a *Wade* hearing when the defendant fails to present evidence that the identification was "tainted by suggestive and impermissible pretrial procedures." *People v Bell*, 209 Mich App 273, 277; 530 NW2d 167 (1995) (quotation marks omitted). Similarly, in order to exclude evidence of an identification, a defendant must show that "the identification procedure was suggestive[.]" *People v Sammons*, 505 Mich 31, 41; 949 NW2d 36 (2020). Thus, both of defendant's arguments first hinge on whether the identification procedure used by Officer Tucker was suggestive. We conclude that it was not.

In support of his argument that the procedure used by Officer Tucker was suggestive, defendant relies extensively on *Gray*. There, an officer "went to the victim's residence, informed her they had arrested the defendant, and showed her a single color photograph of the defendant." *Gray*, 457 Mich at 111. Our Supreme Court explained that "[t]he display of the single photograph, combined with the statement that this was the man the police had arrested for the assault, was highly suggestive." *Id*. Elsewhere in *Gray*, our Supreme Court explained that when authorities

---

[1] *United States v Wade*, 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

show a witness "only one person or a group in which one person is singled out in some way, [the witness] is tempted to presume that he is the person." *Id.* (quotation marks and citations omitted).

Our Supreme Court repeated this same reasoning recently in the context of showups. In *Sammons*, the Court explained that "a one-man showup conveys a clear message that the police suspect *this* man." *Sammons*, 505 Mich at 43 (quotation marks and citation omitted). It is clear from reading *Gray* and *Sammons* that procedures like showups and an investigator singling out a person in a photo are suggestive because they signal to the witness that the investigator suspects the person singled out. In other words, such procedures are impermissibly "suggestive" because they impliedly suggest to the witness that the investigator believes the singled-out person is the culprit.

There was nothing suggestive about Officer Tucker's viewing of defendant's photo. Officer Tucker conducted a traffic stop, and after the car fled, Officer Tucker began an investigation to identify the person he saw driving the car. He searched the license plate of the vehicle, found a photo of the vehicle's owner, determined that the owner was not the person he saw driving the car, then continued to investigate persons linked to the vehicle's owner. This led Officer Tucker to defendant, who he identified based on a single photo.

The only similarity between this identification procedure and the identification procedure in *Gray* is that both were based on a single photo. This similarity is of no import, however, as the procedure in *Gray* was not suggestive solely because it was based on a single photo. It was suggestive because the officer's showing of the single photo to the victim relayed to the victim that the officer suspected the man displayed in the photo. Unlike in *Gray*, Officer Tucker independently found defendant's photo during the course of his investigation. He was not shown the photo by someone else, and nothing about the procedure that led to Officer Tucker's identification otherwise suggested to Officer Tucker that defendant was the driver of the vehicle that fled. Simply put, there is nothing "suggestive" about viewing a photo during the course of an investigation, and there was nothing suggestive about the procedure that Officer Tucker used to identify defendant.

Because defendant failed to present evidence that Officer Tucker's identification was tainted by a suggestive and impermissible pretrial procedure, the trial court did not abuse its discretion by denying defendant's request for a *Wade* hearing. *Bell*, 209 Mich App at 277. Likewise, because defendant has failed to show that the identification procedure that led to Officer Tucker's identification was suggestive, the trial court did not clearly err by admitting the evidence. *Sammons*, 505 Mich at 41; *Craft*, 325 Mich App at 609.

III. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the prosecution presented insufficient evidence for a rational finder of fact to find beyond a reasonable doubt that defendant was the perpetrator of the offenses for which he was convicted. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo. *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). When considering an insufficiency claim, the evidence is viewed "in a light most favorable to the prosecution to determine whether a rational

trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt." *Id.* "[I]t is the role of the jury, not this Court, to determine the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012) (quotation marks and citation omitted). Therefore, "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks, citation, and emphasis omitted).

Identity is an element of every offense. *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976). In front of the jury, Officer Tucker identified defendant as the individual he pulled over on December 5, 2018. Officer Tucker testified that he identified defendant as the driver shortly after the incident occurred when he saw a picture of defendant in a police database and immediately recognized defendant as the driver. Officer Tucker stated that he was confident in his identification of defendant as the driver. The jury also viewed a video of the stop and Officer Tucker's interaction with the driver taken from Officer Tucker's body camera, and still shots taken from the body-cam video. In the video and photographs, the left side of the driver's face, and at one point nearly all of the driver's face is visible. The jury had the opportunity to compare defendant's face to the face depicted in the video and still photos, and decide whether defendant was the person in the photo and videos. Based on the video, photos, and Officer Tucker's testimony, the jury could reasonably conclude beyond a reasonable doubt that defendant was the driver of the vehicle. "[A]n appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses." *People v Kenny*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347090); slip op at 5. See also *People v Posey*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket Nos. 345491, 351834, and 346039); slip op at 6 ("It was for the jury to assess the reliability and credibility of [the witness's] in-court identification of [the defendant] as one of the shooters.").

Affirmed.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher