# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ROBERT RAY-GILES GOINS,

       Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 318215
Kent Circuit Court
LC No. 12-008569-FH

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his convictions for first-degree criminal sexual conduct, MCL 750.520b(1)(b)(ii) (sexual penetration with a victim between 13 and 16 years of age, and the actor is related by blood or affinity to the fourth degree), and second-degree criminal sexual conduct, MCL 750.520c(1)(a) (sexual contact with a victim under the age of 13). We affirm.

Defendant first argues that the prosecution produced insufficient evidence to support his convictions for first-degree and second-degree criminal sexual conduct. In determining the sufficiency of the evidence, this Court reviews de novo whether the evidence, viewed in a light most favorable to the prosecution, would permit a rational trier of fact to find all essential elements of the crime were proved beyond reasonable doubt. *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010).

For defendant to be convicted of first-degree criminal sexual conduct, the prosecution must show (1) he sexually penetrated the victim (G.G.); (2) G.G. is between the ages of 13 to 16, and (3) G.G. and defendant are related by blood or affinity to the fourth degree. MCL 750.520b(1)(b)(ii). Penetration includes "*any* intrusion, however slight, into the vagina *or* the labia majora." *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012); MCL 750.520a(r). The elements of second-degree criminal sexual conduct are: (1) defendant engaged in sexual contact, (2) with a person (K.G.) under the age of 13 years. MCL 750.520c(1)(a). "Sexual contact" includes "intentional touching of the victim's or actor's intimate parts or . . . the clothing covering the immediate area of the victim's or actor's intimate parts, if [the] touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose . . . ." MCL 750.520a(q). The primary genital area, groin, inner thigh, buttocks, or breasts are "intimate parts." MCL 750.520a(f).

On June 26, 2012, G.G. and K.G. visited defendant at his home in Grand Rapids, Michigan. Defendant talked with the girls individually about different issues. During each conversation, defendant requested that the girls take a shower. In both instances, defendant went into the bathroom and washed the girls' vaginal areas. Thereafter, G.G. disclosed what occurred. Subsequently, police interviewed K.G. and G.G. G.G. was 14 years old at the time of the incident; it is undisputed that she is related to defendant as required, and she testified that defendant put a finger inside of her vagina during his contact with her in the shower. A victim's testimony alone is sufficient to sustain a conviction in a criminal sexual conduct case. MCL 750.520h. K.G. was 12 years old at the time of the incident, and she testified that defendant touched her intimate parts. Defendant's conduct could be construed as being for a "sexual purpose" because defendant went into the bathroom when K.G. was in the shower, slipped an arm into the shower, and washed K.G.'s "private area." While K.G. had hygiene issues, defendant's wife testified that she had never seen defendant wash K.G. like that. Moreover, shortly after washing K.G., defendant engaged in the charged conduct with G.G., who was older and did not have hygiene issues. Viewing the evidence in a light most favorable to the prosecution, we agree a reasonable juror was warranted in finding beyond a reasonable doubt that defendant was guilty of first-degree and second-degree criminal sexual conduct.

Next, defendant argues that the trial court abused its discretion when it admitted evidence that defendant's parental rights were terminated. The evidence was admitted after the trial court found that his counsel "opened the door" to the introduction of that evidence. Preserved evidentiary issues, such as the trial court's decision regarding counsel's opening the door for the challenged testimony, are reviewed for an abuse of discretion. *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). To the extent defendant argues that the testimony regarding the termination of his parental rights was inadmissible under MRE 403, we find that issue is unpreserved; consequently we review only for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

In his opening statement, defense counsel told the jury that there was an on-going custody dispute regarding the victims. Towards the end of opening statement, defense counsel said, "Well consider that. If [defendant] is convicted, there is no more visitation, no more custody. Mom wins."

The trial court interpreted defense counsel's opening statement to suggest that G.G. and K.G. had a motive to falsify their testimony at trial because of the custody dispute. The trial court did not abuse its discretion in this regard because counsel offered the custody situation as a theory supporting why K.G. and G.G. would lie at trial. The prosecution was allowed to introduce evidence to respond to the impression defendant attempted to create. *People v Figgures*, 451 Mich 390, 399; 547 NW2d 673 (1996); *Ericksen*, 288 Mich App at 201.

The trial court also did not plainly err when it admitted the evidence contrary to defendant's contention it was unfairly prejudicial. A trial court may properly exclude relevant evidence only "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." MRE 403; See *People v Kowalski*, 492 Mich 106, 136-137; 821 NW2d 14 (2012). The evidence of the termination of defendant's parental rights was relevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or

less probable than it would be without the evidence." MRE 401. Moreover, rebuttal evidence is properly admitted if it is "responsive to evidence introduced or a theory developed by the defendant." *Figgures*, 451 Mich at 399.

In this case, the challenged testimony that the defendant's parental rights were terminated before trial was responsive to defense counsel's opening statement, and the testimony shed light on a material point and rebutted the contention that G.G. and K.G. had a motive to falsely testify at trial. In fact, the testimony was highly probative on that point. Further, it also does not appear from the record that the evidence was unfairly prejudicial. The record does not support that the evidence was given undue or preemptive weight. *Kowalski*, 492 Mich at 136-137. The time required to present the evidence was brief; the challenged testimony directly related to the fact that it was offered to prove; and it does not appear that the jury was confused or misled by the admission of the evidence. Accordingly, the trial court did not plainly err when it admitted the evidence because MRE 403 does not preclude its admission.

Defendant also argues that his counsel was ineffective for "opening the door" to the introduction of evidence regarding the termination of defendant's parental rights. To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that but for counsel's errors, the result of the proceedings would have been different. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). We agree that counsel's conduct in opening the door to the evidence was objectively unreasonable; however, on the record before this Court, defendant has not shown the existence of a reasonable probability that but for counsel's error, the result of the proceeding would have been different. *Id.*; *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). The evidence supporting defendant's convictions was overwhelming. The challenged evidence was brief in comparison to the rest of the testimony. Accordingly, defendant cannot prevail on his claim of ineffective assistance of counsel.

We affirm.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey