# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DONTE THOMAS,

Defendant-Appellant.

UNPUBLISHED
August 4, 2015

No. 320405
Wayne Circuit Court
LC No. 13-006679-FC

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Donte Thomas, appeals by right his jury convictions of armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced Thomas to serve 12 to 30 years in prison for the armed robbery conviction, to serve 1 to 5 years in prison for the felon-in-possession conviction, and to serve 5 years in prison for the felony-firearm conviction. Because we conclude there were no errors warranting relief, we affirm.

Thomas first argues that his trial lawyer provided ineffective assistance by failing to present expert testimony regarding the fallibility of eyewitness identifications. This Court reviews de novo whether the defendant's trial lawyer's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms and prejudiced the defendant's trial. *People v Gioglio (On Remand)*, 296 Mich App 12, 19-20; 815 NW2d 589 (2012), vacated not in relevant part 493 Mich 864. However, "[w]hen there has been no hearing on the defendant's ineffective assistance claims," as is the case here, "there are no findings to which this Court must defer; as such, this Court will determine whether the performance of [the] defendant's trial counsel amounted to ineffective assistance of counsel by examining the lower court record alone." *Id.* at 20.

In order to prevail on this claim, Thomas must show that his trial lawyer's representation fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for his trial lawyer's unprofessional errors, the result of the proceeding would have been different. *Id.* at 22. When reviewing a claim of ineffective assistance, there is a strong presumption in favor of the adequacy of counsel and "the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). The "reviewing court must not evaluate counsel's decisions with the benefit

of hindsight." *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004). "Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to 'affirmatively entertain the range of possible' reasons that counsel may have had for proceeding as he or she did." *Gioglio*, 296 Mich App at 22, quoting *Cullen v Pinholster*, 563 US ___; 131 S Ct 1388, 1407; 179 L Ed 2d 557 (2011). "Accordingly, a reviewing court must conclude that the act or omission of the defendant's trial counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission." *Gioglio*, 296 Mich App at 22-23.

A trial lawyer's decision whether to secure a witness, including an expert witness, is normally a matter of trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). In this case, Thomas' trial lawyer chose not to hire an expert to educate the jury about the limitations that inhere in eyewitness testimony. Instead, his trial lawyer elected to challenge the eye witness testimony on cross-examination. And a review of the record shows that his trial lawyer thoroughly and aggressively challenged both eyewitnesses on cross-examination to impeach their identification of Thomas as one of the perpetrators. On appeal, Thomas cites a great deal of secondary authority to support his contention that eyewitness identifications are intrinsically untrustworthy and authorities that recognize that an expert's testimony on eyewitness testimony may be helpful. But he cites no authority for the proposition that the prevailing professional norms require a trial lawyer to hire an expert under these circumstances. To the contrary, Michigan courts have already recognized that it is reasonable for a lawyer to use cross-examination for impeachment rather than expert testimony; there may, for instance, be a reasonable concern that a jury will "react negatively to perhaps lengthy expert testimony" that the jury perceives as "stating the obvious: memories and perceptions are sometimes inaccurate." See *People v Cooper*, 236 Mich App 643, 658; 601 NW2d 409 (1999).

In this case, Thomas' lawyer might have had a similar concern; his lawyer might have felt that hiring an expert to lecture the jury on the obvious would have had a negative impact on the jury's assessment of the evidence or appeared desperate. *Id.* Given the deficiencies in the witnesses' testimony, Thomas' trial lawyer might reasonably have concluded that the best way to establish reasonable doubt as to the eyewitnesses' identification would be through cross-examination. Consequently, Thomas has not overcome the strong presumption that his lawyer's decision fell within the range of reasonable professional conduct. *Gioglio*, 296 Mich App at 22-23.

Thomas next argues that, because the trial court lacked statutory authority to impose court costs against him at the time of his sentencing, this Court must vacate his sentence to the extent that it required him to pay $600 in court costs. A legal challenge to the imposition of fees or costs under MCL 769.1k "must be preserved when the trial court imposes the fee. If not challenged at that point, the claim of error will be seen as unpreserved." *People v Jackson*, 483 Mich 271, 292 n 18; 769 NW2d 630 (2009). Because Thomas' lawyer did not object to the costs, this issue is unpreserved. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

MCL 769.1k did not authorize the trial court to assess court costs at the time of Thomas' sentencing. However, since his sentencing, the Legislature has specifically amended MCL 769.1k to retroactively authorize such assessments. 2014 PA 352. Further, this Court has held that the amendment must be enforced and does not violate a defendant's constitutional rights. See *People v Konopka*, ___ Mich App ___; ___ NW2d ___ (2015). In *Konopka*, the defendant also challenged the reasonableness of the costs assessed; therefore, even though the trial court did not plainly err in assessing court costs, the defendant was nevertheless entitled to a remand for an opportunity to contest the reasonableness of the costs and the factual basis regarding the relation of those costs to the actual costs incurred in the prosecution. *Konopka*, ___ Mich App, slip op at 6-8, 16. Unlike the defendant in *Konopka*, Thomas did not challenge the reasonableness of the court costs or their factual basis. Consequently, he has not identified a plain error warranting relief. *Carines*, 460 Mich at 763.

There were no errors warranting relief.

Affirmed.

/s/ Henry William Saad
/s/ Michael J. Kelly