# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEITH PAUL BROOKS,

        Defendant-Appellant.

UNPUBLISHED
January 24, 2017

No. 328661
Wayne Circuit Court
LC No. 07-006594-01-FC

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree criminal sexual conduct (CSC-1), MCL 750.520b. The trial court sentenced defendant to 15 to 25 years' imprisonment with credit for 290 days served. Defendant appeals as of right, contending that there was insufficient evidence to support his conviction and that his sentence was improper. We affirm defendant's conviction but remand pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

The victim testified that over the 2004 Labor Day weekend, she slept over one night at defendant's home. She claimed that while she was sleeping on the floor, defendant entered the room, pulled down her pants, and touched and rubbed in between the lips of her vagina for approximately five minutes.[1] Defendant denied that he entered the bedroom or that he touched the victim's vagina with his fingers.

Defendant first contends that there was insufficient evidence to support his CSC-1 conviction and that he was therefore deprived of due process. Defendant moved for a directed verdict at the conclusion of the prosecution's case, but he did not have to take any special action to preserve his challenge to the sufficiency of the evidence on appeal. *People v Patterson*, 428 Mich 502, 514; 410 NW2d 733 (1987); *People v Cain*, 238 Mich App 95, 116-117; 605 NW2d 28 (1999).

---

[1] The victim also claimed that defendant touched her vaginal area with his penis, but the jury acquitted defendant of a separate charge for this alleged conduct.

In *People v Henderson*, 306 Mich App 1, 8-9; 854 NW2d 234 (2014), this Court summarized:

> Appeals regarding the sufficiency of the evidence are reviewed de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Juries, and not appellate courts, hear the testimony of witnesses; therefore, we defer to the credibility assessments made by a jury. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). "It is for the trier of fact . . . to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowak*, 462 Mich 392, 400; 614 NW2d 78 (2000). Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime. *Carines*, 460 Mich at 757. We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

The only element of first-degree CSC in the context of this case that defendant disputes is sexual penetration by the defendant of another person. MCL 750.520b. "Sexual penetration" means, in the context of this case, "any . . . intrusion, however slight, of any part of a person's body . . . into the genital . . . openings of another person's body. . . ." MCL 750.520a(r). Penetration includes "any intrusion, however slight, into the vagina or the labia majora." *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012). The victim testified that defendant touched and rubbed in between the lips of her vagina, while defendant disputed any inappropriate touching.

On appeal, defendant lists many inconsistencies in the victim's testimony and insists that, given these inconsistencies, her testimony was inherently incredible and the jury was not justified in accepting it.[2] However, those inconsistencies were the subject of defendant's cross-

---

[2] We note that, in addition to pointing out the inconsistencies in the victim's testimony and pointing out the lack of physical evidence, defendant also points out that the victim testified that she told three people about the assaults, one of her cousins, a friend, and her brother, but that none of these people testified. But since defendant did not dispute that the victim made statements to these people and did not dispute the content of her statements, there was no basis upon which the prosecution could have presented testimony of the victim's prior consistent statements to these witnesses. The most that the prosecutor could have done was present these

examination and they ultimately involved jury determinations of the victim's credibility; accordingly, this Court may not revisit them. "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determination regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008), citing *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999). Assuming, as this Court must, that the jury believed the victim was credible when she gave her account of defendant's sexual assault, there was sufficient evidence presented to support defendant's conviction.[3] Accordingly, there was no due process violation.

Furthermore, we would note that one of the bases for the trial court's grant of defendant's original motion for a new trial was the court's determination that the great weight of the evidence weighed against defendant's conviction, and this Court reversed the trial court's determination.[4] In our opinion in that appeal, we listed and considered at length defendant's claims that the victim's testimony was too inconsistent and unbelievable to support his conviction. We rejected defendant's great weight of the evidence claim in the prior appeal, and have been provided with no basis upon which to revisit or overturn the decision regarding the victim's testimony based on an insufficiency of the evidence claim that essentially tracks the earlier great weight claim.[5]

---

witnesses to testify that the victim had made statements to them, but without eliciting the content of the statements.

[3] We note that it was entirely possible for the jury to convict defendant of the penetration involving his finger while acquitting him of the penetration involving his penis. The jury could have concluded that the victim's account of the second penetration was merely a second penetration by defendant with his fingers because, while she believed it was his penis, she never saw what was penetrating her. It is also possible that the jurors could have concluded that the victim's description did not satisfy their understanding of what was required for a penetration, or that the jurors concluded that a penetration did not occur.

[4] *People v Brooks*, unpublished opinion per curiam of the Court of Appeals, issued July 24, 2008 (Docket No. 281487).

[5] In relevant part, we concluded as follows:

> With each of defendant's four claimed instances of inconsistent testimony, the jurors had the discretion to determine whether they believed that the testimony was inconsistent and how to weigh it in assessing the victim's credibility. Although it would have been plausible for the jury to conclude, based on the above sequences, that the victim was not a credible witness, it was also plausible for the jury to consider these minor discrepancies and to nevertheless find her credible. "[T]he hurdle a judge must clear to overrule a jury is unquestionably among the highest in our law. It is to be approached by the court with great trepidation and reserve, with all presumptions running against its invocation." [*People v*] *Lemmon*, [456 Mich 625,] 639[; 576 NW2d 129 (1998)], quoting *People v Bart (On Remand)*, 220 Mich App 1, 12; 558 NW2d 449 (1996). The claimed inconsistencies do not rise to the level required for a trial court to overrule a jury's credibility determination.

Therefore, we find that there was sufficient evidence to support the jury's decision to convict defendant of CSC-1 and we affirm that conviction.

Defendant also claims that the trial court engaged in judicial fact-finding in scoring offense variable (OV) 11, that this violated his right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, and that he is accordingly entitled to a remand to give the trial court an opportunity to either resentence him or to affirm his sentence. The prosecutor concedes that, under *Lockridge,* 498 Mich 358*,* defendant is entitled to the so-called *Crosby* remand*.*

We affirm defendant's conviction but remand pursuant to *Lockridge* and *Crosby.* We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad

* * *

The trial court was not permitted to grant a new trial based on mere disagreement with the jury's assessment of witness credibility, [*People v Unger*, 278 Mich App 210, 222, 228-229; 749 NW2d 272 (2008)], and there were no "exceptional circumstances" in this case to justify granting a new trial on the grounds of witness credibility, *Lemmon, supra* at 642. The victim's testimony did not "contradict physical facts" and was not "patently incredible" or "so inherently implausible that it could not be believed by a reasonable jury," nor was it "seriously impeached" in a "case marked by uncertainties and discrepancies." *Id.* at 643-644. The jury's verdict was not against the great weight of the evidence and the trial court abused its discretion in granting defendant a new trial on this basis. [*People v Brooks*, unpub op at 8-9.]

-4-