# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JOSEPH RYAN HALL,

       Defendant-Appellant.

UNPUBLISHED
October 22, 2015

No. 321587
Allegan Circuit Court
LC No. 13-018374-FH

Before: TALBOT, C.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

This appeal arises out of defendant's inappropriate interactions with a minor child while he was under the influence of alcohol. Following a jury trial, defendant was convicted of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) and (2)(b) (sexual contact with a victim under 13 years of age). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 6 to 15 years' imprisonment. Defendant appeals as of right, and we affirm.

Defendant first argues that defense counsel was ineffective for failing to file a motion in limine to exclude evidence that defendant was previously in jail with a witness in the case because the evidence was inadmissible under MRE 404(b). A claim of ineffective assistance of counsel presents mixed questions of law and fact. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review the trial court's factual findings for clear error and review questions of constitutional law de novo. *Id.* "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

To establish ineffective assistance of counsel, a defendant must show that (1) "his attorney's performance fell below an objective standard of reasonableness," and (2) "this performance so prejudiced him that he was deprived of a fair trial." *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). Trial counsel has great discretion in matters of trial strategy. *People v Pickens*, 446 Mich 298, 330; 521 NW2d 797 (1994). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Additionally,

-1-

attorneys have a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (citation and quotation marks omitted).

Defendant has not shown that his trial counsel's conduct fell below an objective standard of reasonableness. At trial, defense counsel asked the witness, "How could you tell [defendant] was intoxicated?" The witness responded as follows:

> [F]or one reason, I talked to him a couple times—well, yeah, a couple of times that—throughout that day. I didn't know he was around that area because I hung out with him in Wayland. *And I was locked up with him once or twice.* He was under the influence because I smelt (sic) it on him. And he only gets cocky and aggressive when he is actually under the influence of alcohol. [Emphasis added.]

The witness's statement that he was "locked up" with defendant was unresponsive to the question posed by defense counsel. The witness did not testify at defendant's preliminary examination, so defense counsel could not have anticipated the witness's unresponsive answer. Before trial, defendant indicated that the witness would only provide beneficial testimony. Although a police report reviewed by defense counsel stated that the witness knew defendant from jail, defense counsel could not have expected to elicit that information from the question asked. Accordingly, defendant has not shown that his counsel's conduct fell below an objective standard of reasonableness.

Moreover, defendant cannot demonstrate that he was prejudiced by the absence of a motion in limine to exclude the testimony. The witness's inappropriate statement was an isolated reference in the middle of a lengthy answer, which did not emphasize defendant's previous convictions. There is no reason to think such a motion would have prevented the testimony because the witness's statement was unresponsive to defense counsel's question. Further, the evidence against defendant was overwhelming. Defendant testified that he did not remember certain portions of the day because he was intoxicated. The victim testified that defendant touched her chest and "going up [her] legs." Two eyewitnesses corroborated the inappropriate touching and testified that defendant was intoxicated. Considering this evidence, there is not a reasonable probability that the outcome of the case would have been different if defense counsel had moved in limine to exclude the testimony.

Defendant also argues that defense counsel was ineffective for failing to object after the witness stated that he was "locked up" with defendant. An attorney's decision regarding whether and when to object is presumed to be a matter of trial strategy. *People v Rodgers*, 248 Mich App 702, 715; 645 NW2d 294 (2001); see also *People v Bahoda*, 448 Mich 261, 287 n 54; 531 NW2d 659 (1995) (explaining that "there are times when it is better not to object and draw attention to an improper comment"). At the *Ginther*[1] hearing, defense counsel testified that he did not recall whether he objected to the inappropriate statement; however, he explained that the statement was not something that he would want to highlight. Defense counsel further testified that based on

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

his training and education, "it is better not to highlight what was said, thus cementing it in the jury's mind." Considering that the witness's statement was an isolated reference in the middle of a lengthy, unresponsive answer, defendant has not shown that defense counsel's decision not to object and highlight the comment was anything other than sound trial strategy. *Rodgers*, 248 Mich App at 715. Further, as discussed above, defendant has not shown that the statement affected the outcome of the proceedings. See *Grant*, 470 Mich at 486. Accordingly, defendant has not demonstrated that defense counsel was ineffective.

Defendant next argues that defense counsel was ineffective for inadequately investigating a 13-year-old potential witness. Defendant also contends that the trial court clearly erred in finding that the 13-year-old "was not a requested witness, was not present, [and] could have in fact been dangerous for the Defendant to call." As defense counsel explained at the *Ginther* hearing, defendant was on trial for sexually assaulting an 11-year-old girl while he was heavily intoxicated. Calling a 13-year-old boy to testify that he was with defendant at the same time could have been problematic. Further, the 13-year-old witness was not on the witness list provided by defendant's wife for counsel to consider. Although defendant's wife disagreed, defense counsel also testified that he reached the decision not to call the 13-year-old witness with defendant and defendant's wife. The record supports that defense counsel attempted to contact the 13-year-old witness, but was unsuccessful. The alleged witness's father was also uncooperative. Given the record before us, we are not definitely and firmly convinced that the trial court's factual findings were erroneous.

For these same reasons, reasonable professional judgment supported defense counsel's decision to limit his investigation of the alleged 13-year-old witness. *Trakhtenberg*, 493 Mich at 52. Defense counsel testified at the *Ginther* hearing that he met with defendant numerous times before trial and discussed the charges and possible defenses. Defendant's wife and defendant submitted a written witness list to defense counsel, which did not include the 13-year-old witness. Neither the police report nor any of the witnesses at trial identified the witness as being present during the incident. According to defendant, the witness would have testified that the victim was not present at the time of the incident, but this was contradicted by several other witnesses at trial. Defense counsel attempted to contact the 13-year-old potential witness, which proved unsuccessful, and the boy's father was uncooperative. Defense counsel also testified that defendant identified another witness as a beneficial defense witness, but at trial, that witness provided incriminating testimony. Moreover, the potential witness was a 13-year-old boy with whom defendant claimed to be spending time, and the case involved alcohol abuse and an 11-year-old victim. On this record, defense counsel's decision to forgo further investigation constituted reasonable professional judgment. Therefore, defendant has not demonstrated that he is entitled to relief on his ineffective assistance claim.

Affirmed.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael F. Gadola

-3-