*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

GEORGE WAYNE DUNBAR,

      Defendant-Appellant.

UNPUBLISHED
April 9, 2019

No. 342640
Wayne Circuit Court
LC No. 17-007949-01-FC

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, appeals as of right his bench trial conviction for armed robbery, MCL 750.529. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 7½ to 25 years imprisonment for the armed robbery conviction. We affirm.

## I. BASIC FACTS

On August 18, 2017, defendant entered a 7 Eleven, high on drugs and alcohol, and off of his medication. The clerk testified that defendant demanded money from the cash register and when the clerk refused to give him the money, defendant slammed a knife on the counter and demanded the money again. After the clerk informed defendant that he had triggered a silent alarm, defendant threw the knife at the clerk and ran away. The knife did not hit the clerk but, at trial, the clerk testified that the knife placed him in a state of fear. In contrast, defendant testified that he had no intention of committing an armed robbery. When he entered the 7 Eleven he intended "to steal alcohol or buy it." In his intoxicated state, defendant engaged in an argument with the clerk, but denied that he ever demanded money from the cash register. The trial court found the clerk's testimony, coupled with surveillance footage, to be more credible.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence to convict him of armed robbery. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo to determine if any rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012). All conflicts in the evidence are resolved in favor of the prosecution. *Id*. "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). On appeal, "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008).

In *People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007), this Court examined the armed robbery statute, MCL 750.529, and held that it has two elements:

> (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [Footnote omitted.]

The record supports defendant's conviction for armed robbery. Credibility determinations are for the finder of fact and the trial judge found the clerk's testimony more credible than defendant's. See *Kanaan*, 278 Mich App at 618-619. Furthermore, defendant testified that he intended "to steal alcohol or buy it" when he entered the 7 Eleven on August 18, 2017. The clerk testified that defendant demanded money from the cash register and that, after the clerk refused, defendant threw a knife at him. While defendant argues that this was not what actually happened, the trial judge found that the clerk was the more credible witness and, notwithstanding the trial judge's statement, all conflicts in the evidence must be resolved in favor of the prosecution. Defendant's demand for money and use of a knife while doing so fulfill the elements of armed robbery even though he did not successfully steal anything from the 7 Eleven. Thus, there was sufficient evidence for a rational trier or fact to determine beyond a reasonable doubt that defendant committed armed robbery at the 7 Eleven on August 18, 2017.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In a Standard 4 brief, defendant argues that his trial counsel was ineffective for failing to provide defendant with discovery and for failing to inform him about the plea agreement before the day of his trial. We disagree.

Because there was no *Ginther*[1] hearing, "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

Our Court has explained:

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

Defendant first argues that his trial counsel was ineffective for failing to provide him with sufficient information about the case that would be brought against him or to provide him with requested discovery. Defendant argues that without this information he could not make an informed decision about whether to accept a plea agreement. However, nothing in the record supports defendant's argument that his trial counsel failed to provide discovery to him upon request. Furthermore, defendant referenced the surveillance video when rejecting the plea agreement. If defendant had seen the surveillance video before trial then it appears that he was at least provided with some discovery before trial.

Defendant next argues that he was not told about the plea agreement until the day of his trial and that, if he had more information and time to think about it, he would have entered a guilty plea instead of going to trial.

On the day of trial, defendant was offered a plea agreement by the prosecution, and defendant appeared aware of the terms of the plea agreement before the proceedings started. At the start of proceedings on that day, the trial judge asked defendant if he wanted to enter a guilty plea. Defendant responded, stating that he was innocent of robbery and attempted robbery and that the surveillance video from the 7 Eleven showed that he was only arguing with the clerk "over buying alcohol." Defendant then stated, "I'll plea out to 2½," but argued that he was not guilty of robbery, the crime listed in the plea agreement, or of armed robbery, the original crime charged. The trial judge then informed defendant that he could "only plead guilty if [he was] guilty" and that he could not plead guilty while simultaneously asserting his innocence. In response, defendant stated that he "[did not] know what's going on here really" and his trial attorney stated, "[y]eah you do" because they had "talked about it." Defendant then responded to his trial attorney, stating, "[y]eah. We've talked about it. We were gonna take it to trial." Finally, after cutting off his trial attorney's attempt to reply, defendant stated, "I'll take it to trial. I'm not, I'm not pleading out to the 2½." At this point, the prosecution revoked the plea offer and the case proceeded to trial.

Even if defendant did learn of the plea agreement immediately before proceedings began, it does not change the fact that he also continually stated that he was innocent. In fact, defendant's protestations of his innocence are what led him to reject the plea agreement because he was unwilling to say that he was guilty of either robbery or armed robbery when asked by the trial court.

Affirmed.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

-3-