*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAIME PABLO GOMEZ,

Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No. 341422
Wayne Circuit Court
LC No. 17-002668-01-FC

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions on (a) 10 counts of first-degree criminal sexual conduct (CSC-I) (victim less than 13 years of age and defendant 17 years of age or older), MCL 750.520b(1)(a) and (2)(b); (b) five counts of first-degree criminal sexual conduct (CSC-I) (relationship), MCL 750.520b(1)(b)(*i*); (c) three counts of second-degree criminal sexual conduct (CSC-II) (victim less than 13 years of age and defendant 17 years of age or older), MCL 750.520c(1)(a) and (2)(b); (d) one count of second-degree criminal sexual conduct (CSC-II) (relationship), MCL 750.520c(1)(b)(*i*); (e) three counts of domestic violence, MCL 750.81(2); and (f) one count of furnishing alcohol to a minor, MCL 436.1701(1). We affirm.

Between 2009 and 2016 defendant sexually abused his girlfriend's children: KA, MO, and JO (collectively "the children"). The children and their mother lived with defendant beginning in 2009, in five different houses in Detroit: the first Gilbert residence, the second Gilbert residence, the third Gilbert residence, the Florida residence, and the Tarnow residence. Between 2009 and 2016, defendant sexually touched all of the children on multiple occasions, penetrated the vaginas of KA and MO with his fingers and his penis, penetrated the mouths and anuses of KA and MO with his penis, and touched the vaginas of KA and MO with his mouth. Aside from the sexual abuse, defendant also hit the children when they misbehaved at home and provided alcohol to KA. KA turned 13 years old during the course of this abuse, but MO and JO were younger than 13 years old throughout the entirety of the time at issue. Defendant was over 17 years old at all relevant times.

On appeal, defendant argues that his convictions were against the great weight of the evidence. We disagree.

Defendant failed to preserve this issue by raising it in a motion for a new trial in the trial court. See *People v Cameron*, 291 Mich App 599, 617-618; 806 NW2d 371 (2011). Therefore, our review of this issue is limited to plain error affecting defendant's substantial rights. See *id*. at 618; *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003). To avoid forfeiture, defendant must show that an error occurred, that was plain, and it affected the outcome of the proceedings. See *Cameron*, 291 Mich App at 618.

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Musser*, 259 Mich App at 218-219. Issues of witness credibility, absent exceptional circumstances, are for the jury. *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998). "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *Id*. at 647.

> Questions regarding credibility are not sufficient grounds for relief *unless* the testimony contradicts indisputable facts or laws, the testimony is patently incredible or defies physical realities, the testimony is material and . . . so inherently implausible that it could not be believed by a reasonable juror, or the testimony has been seriously impeached and the case is marked by uncertainties and discrepancies. [*People v Solloway*, 316 Mich App 174, 183; 891 NW2d 255 (2016), quoting *Lemmon*, 456 Mich at 643-644 (quotation marks omitted).]

CSC-I (victim less than 13 years of age and defendant 17 years of age or older) has three elements: (1) the defendant sexually penetrated another person, (2) the other person was under 13 years of age, and (3) the defendant was 17 years of age or older. MCL 750.520b(1)(a) and (2)(b); *People v Lockett*, 295 Mich App 165, 187-188; 814 NW2d 295 (2012). The term "sexual penetration" is statutorily defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCL 750.520a(r). Similarly, CSC-I (relationship) has three elements: (1) the defendant sexually penetrated another person, (2) the other person was at least 13 but less than 16 years of age, and (3) the defendant is a member of the same household as the victim. MCL 750.520b(1)(b)(*i*); *People v Phillips*, 251 Mich App 100, 102; 649 NW2d 407 (2002).

CSC-II (victim less than 13 years of age and defendant 17 years of age or older) has three elements: (1) the defendant engaged in sexual contact with another person, (2) the other person was under 13 years of age, and (3) the defendant was 17 years of age or older. MCL 750.520c(1)(a) and (2)(b); *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016). "Sexual contact" is statutorily defined as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification . . . ." MCL 750.520a(q). "Intimate parts" are statutorily defined as "the primary genital area, groin, inner thigh, buttock, or breast of a human being." MCL 750.520a(f). "[W]hen determining whether touching could be reasonably

construed as being for a sexual purpose, the conduct should be viewed objectively under a reasonable person standard." *DeLeon*, 317 Mich App at 719-720 (quotation marks and citation omitted). Similarly, CSC-II (relationship) has three elements: (1) the defendant engaged in sexual contact with another person, (2) the other person was at least 13 but less than 16 years of age, and (3) the defendant is a member of the same household as the victim. MCL 750.520c(1)(b)(*i*).

The children testified extensively about defendant's sexual abuse. In particular, KA testified that defendant started sexually abusing her in 2009 when she would visit defendant at the first Gilbert residence with her mother. Defendant started abusing KA by touching her both over and under her clothing before escalating the sexual abuse to penetrating KA's vagina with his fingers, penetrating KA's vagina, mouth, and anus with his penis, and placing his mouth on her vagina. KA testified that defendant started penetrating her vagina, mouth, and anus with his penis and placing his mouth on her vagina when she was 12 years old and residing at the second Gilbert residence, but she also testified that defendant did not start penetrating her mouth with his penis until she was 13 years old and living in the Tarnow residence. MO and JO witnessed defendant have sex with KA on more than one occasion. Finally, KA also testified that all of the sexual acts that defendant engaged in with her before she turned 13 years old also happened after she turned 13 years old. Defendant does not contest that KA lived with him beginning in 2009 when KA was under 13 years of age, or that he was over 17 years old.

At trial, defendant attempted to impeach KA's trial testimony by pointing out that she was unable to recall how many times defendant sexually abused her at the preliminary examination. Defendant also tried to impeach KA's account of the first time she was sexually penetrated by defendant because at the preliminary examination KA testified that this event happened in the evening but at trial she testified that this happened in the "daytime." Upon further questioning, however, KA indicated that she "thought evening and daytime were the same thing." Finally, at one point in her testimony KA stated that defendant sexually abused her every day, but defendant impeached this statement, and KA later admitted that she was sexually abused by defendant most days, but not every day. These potential discrepancies in KA's testimony, however, are insufficient to supplant the jury's credibility determination, which clearly viewed KA's testimony as more credible than defendant's denial that he sexually abused her. See *Lemmon*, 456 Mich at 642; *Solloway*, 316 Mich App at 183.

Defendant was charged with five counts of CSC-I (victim less than 13 years of age and defendant 17 years of age or older) and five counts of CSC-I (relationship) for penetrating KA's vagina with his fingers and penis, placing his mouth on her vagina, and penetrating her anus and mouth with his penis both before and after she turned 13 years old. KA's testimony, while not always consistent on the dates or timeframes when this sexual abuse happened, supports the jury's verdicts that defendant committed multiple acts of sexual abuse before and after KA turned 13 years old. Furthermore, defendant was also charged with CSC-II (victim less than 13 years of age and defendant 17 years of age or older) and CSC-II (relationship) for engaging in sexual contact with KA both before and after she turned 13 years old. KA's testimony at trial supports the jury's verdicts that defendant sexually touched her in a genital area both before and after she turned 13 years old. Defendant has not established that the testimony supporting defendant's convictions for sexually abusing KA was so unreliable that this Court should overturn the jury's verdict and credibility determination. See *Lemmon*, 456 Mich at 642;

*Solloway*, 316 Mich App at 183. Thus, defendant has failed to show plain error affecting his substantial rights with regard to his convictions arising from his sexual abuse of KA.

MO testified that defendant started sexually abusing her by having her sit on his lap while he touched her breasts and vagina over her clothes at the first Gilbert residence. Defendant started touching MO's breasts, vagina, and buttocks underneath her clothes at the second Gilbert residence. At this time, defendant also began to insert his fingers in MO's vagina. Defendant began penetrating MO's vagina with his penis at the third Gilbert residence. Defendant penetrated MO's mouth and anus with his penis at the Florida and Tarnow residences. He also put his mouth on MO's lips, breasts, and vagina at the Florida and Tarnow residences. KA and JO witnessed defendant sexually abuse MO. Specifically, KA witnessed defendant "on top of" MO one night and that defendant and MO had their pants off. On a different night KA also saw defendant sexually touch MO. JO witnessed defendant "touching like on [MO's] body" at one of the Gilbert residences and at the Tarnow residence in the room she shared with MO. MO always had clothes on when JO saw defendant touch MO. Finally, it is undisputed that MO was under 13 years old and defendant was over 17 years old throughout the entirety of these events.

Defendant attempted to impeach MO at trial by comparing her trial testimony to what she told Child Protective Services (CPS) when they interviewed her about defendant's sexual abuse. MO did not tell the CPS worker that defendant had penetrated her during the interview, but at trial she testified that she did not tell the CPS worker that defendant penetrated her because she was not willing to discuss her sexual abuse at that time. Eventually, however, MO testified that she was able to tell her stepmother what happened to her after the CPS interview, and that she later told the whole truth during a Kids Talk interview. The jury heard the conflicting and inconsistent statements by MO, but still found defendant guilty of sexually abusing MO. The discrepancies in MO's story from the first time she discussed defendant's sexual abuse to what she testified to at trial are not the kind of credibility issues that would permit this Court to overturn a jury's credibility determination. See *Lemmon*, 456 Mich at 642; *Solloway*, 316 Mich App at 183.

The jury heard MO, JO, and KA testify about defendant's sexual abuse of MO and, by convicting defendant of sexually abusing MO, clearly found the testimony of the children more credible than defendant's denial of his sexual abuse of MO. The evidence established that defendant penetrated MO's vagina with his fingers and his penis, he placed his mouth on MO's vagina, that he penetrated her mouth and anus with his penis, and that he engaged in sexual contact with MO. Thus, defendant has failed to show plain error affecting his substantial rights with regard to his convictions on five counts of CSC-I (victim less than 13 years of age and defendant 17 years of age or older) and one count of CSC-II (victim less than 13 years of age and defendant 17 years of age or older) arising from his sexual abuse of MO.

Finally, defendant sexually abused JO at the Florida and Tarnow residences. Defendant touched JO's breasts and buttocks on top and underneath her clothes. He also touched her vagina on top of her clothes. KA saw defendant attempt to sexually touch JO on more than one occasion, but defendant would stop when JO told him to stop. MO also saw defendant have sex, on two occasions, with JO at night on the couch. JO, however, denied that defendant ever penetrated her. Finally, it was undisputed that JO was under 13 years old and defendant was over 17 years old throughout the entirety of these events.

Defendant attempted to impeach JO at trial by comparing her testimony at trial to what she told CPS when they interviewed her about defendant's sexual abuse of her. At trial, JO testified that she did not tell the truth when she was interviewed by the CPS worker about defendant's sexual abuse of her because she was embarrassed about the situation. JO also testified that she only talked to any adults about defendant's sexual abuse because MO had already started to talk about her own sexual abuse. The jury heard conflicting testimony but still found defendant guilty of sexually abusing JO. The discrepancies in JO's account from the first time she discussed defendant's sexual abuse of her to what she testified to at trial are not the kind of credibility issues that would permit this Court to overturn a jury's credibility determination. See *Lemmon*, 456 Mich at 642; *Solloway*, 316 Mich App at 183.

The jury heard MO, JO, and KA testify about defendant's sexual abuse of JO and, by convicting defendant of sexually abusing JO, clearly found the testimony of the children more credible than defendant's denial of his sexual abuse of JO. The evidence established that defendant had sexual contact with JO when she was under 13 years old and he was over 17 years old. Thus, defendant has failed to show plain error affecting his substantial rights with regard to his CSC II conviction arising from his sexual abuse of JO.

Defendant also challenges his domestic violence convictions as against the great weight of the evidence. Domestic violence requires that the defendant assault or batter a member of their own household. MCL 750.81(2); *Cameron*, 291 Mich App at 614.

> The courts have defined a battery as an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person. It does not matter whether the touching caused an injury. Further, the courts have defined an assault as an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. Thus, every battery necessarily includes an assault because a battery is the very consummation of the assault. [*Id.* (quotation marks and citations omitted).]

The children testified about instances in which defendant hit them for misbehaving at home. Each of the children testified that defendant hit them with a belt on either their legs or their buttocks if they misbehaved. They all described the same event on December 31, 2015, when defendant hit the children because a guest repeatedly commented that they were pretty.

Defendant denied hitting the children, and specifically testified that he did not hit them on December 31, 2015. The jury convicted defendant of domestic abuse of the children and defendant has not established that the testimony of the children was so unreliable as to call the jury's credibility determination into question. See *Lemmon*, 456 Mich at 642; *Solloway*, 316 Mich App at 183. Thus, defendant has failed to show plain error affecting his substantial rights with regard to his convictions on three counts of domestic violence.

Defendant also challenges his conviction on one count of furnishing alcohol to a minor. Under MCL 436.1701(1) "a person who knowingly sells or furnishes alcoholic liquor to a minor, or who fails to make diligent inquiry as to whether the person is a minor, is guilty of a misdemeanor." The term "furnish" has long been held to mean simply "letting a minor have

liquor." *People v Neumann*, 85 Mich 98, 102; 48 NW 290 (1891). KA testified that she started doing "drugs and alcohol" with defendant because she "didn't want to feel" his sexual abuse of her anymore. MO verified that she saw liquor in one of the houses she lived in with defendant, her mother, KA, and JO. Defendant denied that he ever provided KA with alcohol. By convicting defendant of furnishing alcohol to a minor the jury clearly viewed KA's testimony as more credible than defendant's on the matter. Defendant has not shown that KA's testimony was not credible. See *Lemmon*, 456 Mich at 642; *Solloway*, 316 Mich App at 183. Thus, defendant has failed to show plain error affecting his substantial rights with regard to furnishing alcohol to a minor conviction.

Next, defendant argues that there was insufficient evidence to sustain his convictions. We disagree.

In reviewing the sufficiency of the evidence, this Court must view the evidence de novo in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *Lockett*, 295 Mich App at 180. All conflicts in the evidence are resolved in favor of the prosecution. *Id*. "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). On appeal, "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Defendant argues that there was insufficient evidence to support his convictions because the testimony of the children was not credible. As explained above, defendant has failed to show that the testimony of the children was not credible and, in any case, credibility determinations are within the province of the jury. See *id*. Furthermore, when challenging the sufficiency of the evidence, all conflicts in the evidence must be resolved in the light most favorable to the prosecution. *Lockett*, 295 Mich App at 180. As discussed above, the children testified extensively about defendant's sexual abuse of them and we need not repeat the details of their testimony. Viewing the evidence in the light most favorable to the prosecution, sufficient evidence was provided to sustain all of defendant's criminal sexual conduct convictions arising from his sexual abuse of KA, MO, and JO. See *Reese*, 491 Mich at 139; *Lockett*, 295 Mich App at 180. We likewise reject defendant's claims that his domestic violence convictions and furnishing alcohol to a minor conviction were not supported by sufficient evidence. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to sustain defendant's convictions for domestic violence and furnishing alcohol to a minor. See *id*.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto