*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES MICHAEL DANIELS-NORRIS,

        Defendant-Appellant.

UNPUBLISHED
June 17, 2021

Nos. 351221; 351222
Calhoun Circuit Court
LC Nos. 2017-000361-FC;
        2016-002986-FH

Before: GADOLA, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

In Docket No. 351221, defendant was convicted of first-degree criminal sexual conduct with a victim under 13 years of age, MCL 750.520b(1)(a), and sentenced to 25 to 50 years in prison. In Docket No. 351222, defendant was convicted of two counts of third-degree criminal sexual conduct with a victim between the ages of 13 and 15, MCL 750.520d(1)(a), and one count of assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1). Defendant was sentenced to two terms of 75 months to 15 years in prison on the criminal sexual conduct convictions and to 23 months to 10 years in prison on the assault conviction. All four sentence are to run concurrently. Defendant now appeals and we affirm.

Although this Court consolidated these cases for appeal, the parties filed separate briefs. But the same issue is raised in both cases: defendant argues that he was denied effective assistance of counsel when counsel stipulated to the joinder of the two cases for trial and advised defendant to agree to the joinder.[1] We disagree.

Both defendant and defense counsel stipulated to the cases being joined for trial, though defense counsel did advise the trial court that defendant was somewhat reluctant to have the cases tried together. The trial court made an extensive inquiry of defendant, clearly explaining that it was defendant's choice and he would not be forced to have the two cases tried together:

---

[1] In fact, the parties filed essentially identical briefs in both cases.

THE COURT: All right. So, before we get into the meat of the offer. Let me just ask. Is there an intention to try both cases together today?

MS. CAMFIELD [the prosecutor]: Yes, Your Honor.

THE COURT: All right, Mr. O'Connell?

MR. O'CONNELL [defendant's attorney]: I have talked with Mr. Norris about that. He was, essentially, reluctant to try both of these together. And it does make sense to try them together but, you know, it has been difficult to communicate with Mr. Norris at this point in time.

The prosecutor has provided me with a stipulation last week and I have reviewed it and I talked with Mr. Norris and it just -- I'm kind of at a roadblock here at this point.

THE COURT: Mr. Norris -- Mr. Norris, the People intend to try both cases together so we only have to [sic] through one more trial here. The last time we had a trial I think that there was a hung jury. It was 11 to 1, guilty. We had one person who was a not guilty. And that case was the one that did not involve DNA evidence. But I think regardless of whether these are tried together or not, the People intend to move forward with the DNA case. Is that correct?

MS. CAMFIELD: That is correct, Your Honor.

THE COURT: All right. So it is up to you whether you -- I mean I can't make you do these together, at this point. We are a little late in the game. But I believe Mr. O'Connell has probably explained to you that the People want to move forward at the same time. The evidence would be similar because they have 404(b) notices so all of the victims or alleged victims would be testifying in both trials anyway.

So, what are your thoughts about proceeding with both cases at the same time?

MR. DANIELS-NORRIS: I'm okay with that.

THE COURT: Okay. And Mr. O'Connell, you support that as well, on behalf of your client?

MR. O'CONNELL: I do, Your Honor. [9/3/19 Status Conference Tr, pp 3-5.]

We review the issue whether defendant was denied effective assistance of counsel de novo, while reviewing any factual findings by the trial court for clear error. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). Additionally, if "the record does not contain sufficient

detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *Id.* Moreover:

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. A defendant must also show that the result that did occur was fundamentally unfair or unreliable. [295 Mich App at 187; citations omitted.]

Turning first to Docket No. 351221, there is no reasonable possibility that, even if the cases were tried separately, that defendant would not have been convicted of first-degree criminal sexual conduct in this case. The evidence against defendant was overwhelming. This is the case that the trial court referred to in the above-quoted passage as "the DNA case." The forensic scientist testified that the DNA sample from the victim's anal swab matched defendant as the major contributor as "one in three hundred and seventy-four-point zero septillion."[2] [Trial Tr II, p 187.] She further testified that a sample taken from the victim's underwear matched defendant as "One in four hundred and nineteen-point one quintillion."[3] [Trial Tr II, p 188.] Additionally, the victim, TD, testified that defendant anally penetrated him. [Trial Tr II, p 39.] And the investigating officer testified that defendant admitted to having both oral and anal intercourse with the victim. [Trial Tr II, p 72.] This evidence alone, combined with the fact that the victim was under the age of 13 at the time, would be more than sufficient for the jury to conclude that defendant was guilty of first-degree criminal sexual conduct. Accordingly, we conclude that there is no reasonable possibility, even if the two cases were tried separately, that defendant would have been acquitted in this case.

Turning to Docket No. 351222, this is the case that lacks DNA evidence and which had resulted in a mistrial the first time it was tried. Additionally, there was no confession. The victim, VB, however, clearly testified to multiple instances of defendant committing anal penetration on the victim, who was under 16 at the time of the assaults. Plaintiff presents three arguments as to why defendant was not denied the effective assistance of counsel: (1) that defendant has not shown that it was unreasonable to agree to the joinder,[4] (2) that joinder was appropriate,[5] and (3) that

---

[2] The witness testified that a septillion is a 1 followed by 24 zeroes.

[3] A quintillion is a one followed by 18 zeroes.

[4] Plaintiff argues that counsel, having represented defendant at the earlier trial that resulted in a mistrial due to a deadlocked jury, was familiar with the case and should be afforded the presumption of engaging in sound trial strategy and that defendant has not overcome that presumption. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant argues that he did not, in fact, receive any benefit from the trials being joined.

[5] Regardless whether joinder was appropriate, the trial court clearly indicated that it would not join the two trials unless defendant agreed to the joinder. Accordingly, the question before us is

defendant cannot show a reasonable possibility that a different result was reasonably likely if the cases had not been joined. We find this third argument to be the most persuasive.

Defendant presents a weak and tentative argument that, had the cases been tried separately, a different result would have been obtained. Defendant suggests that the VB "jury might not have heard the DNA evidence supporting the allegations regarding [TD], and the [VB] jury would not have heard the confessions regarding the [TD] case." It is not at all clear that this would be the case. As the trial court pointed out in the passage quoted above, the "evidence would be similar because they [the prosecution] have 404(b) notices so all of the victims or alleged victims would be testifying in both trials anyway."

It certainly seems likely that the trial court would have allowed in most, if not all, of the evidence presented at the joint trial in each of the separate trials had the trials not been joined. But, because this issue was not addressed below, defendant cannot affirmatively establish which portions of the evidence, if any, would have been excluded. Nor are we inclined to address admissibility issues on appeal that were not raised and decided in the trial court. In short, the record does not support a conclusion that the evidence would not have been admitted in a separate trial and therefore does not support defendant's claim of ineffective assistance of counsel. *Lockett*, 295 Mich App at 186.

Moreover, the trial court did give a cautionary instruction to the jury. It came before the second victim testified:

> THE COURT: All right. I'm going to give one cautionary instruction to the jurors before [VB] testifies. Ladies and gentlemen, there are two cases here with two victims. You've already heard testimony regarding one victim, for which the defendant is on trial.
>
> [VB] will now be testifying about another case with other acts for which the defendant is on trial. Each of the victims can testify about what happened to them. But as it relates to using the testimony of [VB] to determine whether something happened to [TD], or, in the alternative, using the testimony of [TD] to determine whether something happened to [VB], you must [sic], before you can consider those alleged acts as evidence against the defendant in the opposite case -- everybody with me so far?
>
> JURORS: Yes.
>
> THE COURT: Okay. Then you must find that the defendant actually committed those acts. If you do determine that he committed the acts then you may consider them in deciding if the defendant committed the other offense, in the other case. With me so far? That make sense?

---

whether defense counsel was ineffective in agreeing to the joinder and advising defendant to agree to the joinder.

JURORS: Yes.

THE COURT: All right. You must not convict the defendant here solely because you think he is guilty of other bad conduct. In other words, you can't convict him of both cases just because you think he did one thing. You need to find, beyond a reasonable doubt, that he committed both. Does that make sense to everyone?

JURORS: Yes.

THE COURT: All right. The evidence must convince you beyond a reasonable doubt to both cases. And you can use that information to help you determine the credibility of each victim but these really must be taken on their own. [Trial Tr III, pp 4-5.]

Both attorneys stated that they had no objection to the instruction. "Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011).

Finally, we note that, although defendant raises the issue of ineffective assistance of counsel, we nonetheless recognize that appellate review is generally not available for something that defense counsel has agreed was proper. *People v Breeding*, 284 Mich App 471, 486; 772 NW2d 810 (2009). Nor is appellate review available for an error to which the defendant "contributed by plan or negligence." *People v Bosca*, 310 Mich App 1, 29; 871 NW2d 307 (2015). In short, a defendant may not harbor error to serve as an appellate parachute. *Breeding*, 284 Mich App at 486.

In sum, given that VB testified regarding the acts committed against him by defendant, that the trial court indicated that the same evidence would have been presented at the separate trial as was presented at the joint trial, and that there is no clear basis to conclude that the same evidence would not have been presented, we are not persuaded that a different result would have occurred even if the two cases had been tried separately.

Affirmed.

/s/ Michael F. Gadola
/s/ David H. Sawyer
/s/ Michael J. Riordan