*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HILL, Minors.

UNPUBLISHED
September 12, 2025
11:41 AM

No. 373181
Houghton Circuit Court
Family Division
LC No. 24-000009-NA

Before: SWARTZLE, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services (DHHS), sought the removal of respondent-mother's five children from her care because the youngest child suffered injuries that were inconsistent with respondent's explanation regarding their cause. Respondent pleaded no contest to the trial court's jurisdiction over the children. She appeals by right the initial order of disposition following adjudication, arguing that her attorney rendered ineffective assistance of counsel by advising her to plead no contest. Because respondent has failed to establish that counsel's advice fell below an objective standard of reasonableness, we affirm.[1]

## I. BACKGROUND

Respondent's five children resided with her and her husband, who is not the biological father of any of the children. The three oldest children share a biological father, who is not a respondent in this case, and the two youngest children share a biological father who is a respondent, but is not a party to this appeal. In January or February 2023, Children's Protective Services (CPS) received a complaint regarding numerous marks and bruises on the face and head of respondent's

---

[1] At the outset, we note that respondent's appeal may be moot. On February 24, 2025, after respondent filed her appeal, the trial court entered an order terminating its jurisdiction over the children. Because respondent's plea may have resulted in collateral consequences of which we are unaware, however, this appeal may not be moot, and we will address respondent's arguments. See *In re Holbrook*, 513 Mich 898, 900; 997 NW2d 28 (2023) (CAVANAGH, J., concurring).

youngest child, HH. The complaint was substantiated, but respondent declined all services. In March 2024, CPS received another complaint regarding HH. She had missed one week of day care, and, upon her return, she had a suspected burn mark on her right thigh in the shape of a clothes iron. Respondent and her husband maintained that the wound was a chemical burn from a pool, which CPS personnel believed was unlikely. Respondent took HH to the emergency room at the request of CPS. The emergency room doctor opined that the mark could be from a healed burn or from contact dermatitis. The doctor did not believe the mark was consistent with a chlorine rash and determined that it was caused by contact with a foreign object. DHHS petitioned to remove the children from respondent's care after she refused to agree to a safety plan.

The trial court held a removal hearing, and respondent ultimately agreed to place all of the children with the father of the three oldest children. Thereafter, DHHS filed a motion for removal notwithstanding that the children were not in respondent's care. DHHS expressed concern regarding whether the youngest two children could continue in their placement with their siblings' father and feared that they would be returned to respondent's care. At a May 23, 2024 hearing, the trial court heard testimony from Dr. Alexis Whaley, who conducted a physical examination of HH and was qualified as an expert in child injuries, neglect, and abuse. A CPS worker, the father of the oldest three children, and respondent also testified, and the court accepted into evidence 12 photos of HH's injuries. The trial court denied the motion for removal on the basis that removal was unnecessary.

Thereafter, respondent pleaded no contest to the sole allegation that, between February 2023 and March 2024, HH suffered multiple injuries while in respondent's care. Regarding the reason for the plea, respondent's attorney stated that the "primary reason, is because there is [a] potential issue with the State Police, she can't testify and so we need to move forward to get this done." The parties agreed that the evidence admitted at the May 23, 2024 hearing supported the factual basis for the plea. The trial court accepted the plea and entered an order of adjudication. This appeal followed.

## II. ANALYSIS

Respondent argues that her attorney rendered ineffective assistance of counsel when he advised her to plead no contest to the trial court's jurisdiction over the children. "Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo." *In re Mota*, 334 Mich App 300, 318; 964 NW2d 881 (2020). To establish ineffective assistance of counsel, a respondent must show "that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent." *In re Martin*, 316 Mich App 73, 85; 896 NW2d 452 (2016). We cannot substitute our judgment for that of trial counsel "on matters of litigation strategy, and counsel's performance must be judged based on the knowledge, expertise, and information reasonably available when counsel formulated and implemented the litigation strategy." *In re Casto*, 344 Mich App 590, 612; 2 NW3d 102 (2022). Our review of unpreserved

claims of ineffective assistance of counsel is limited to errors apparent on the record. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012).[2]

Parents have a fundamental right to direct the care, custody, and control of their children. *In re Ferranti*, 504 Mich 1, 21; 934 NW2d 610 (2019). "[T]he Due Process Clause of the Fourteenth Amendment requires that, for a plea to constitute an effective waiver of a fundamental right, the plea must be voluntary and knowing." *Id*. A claim of ineffective assistance of counsel may be based on counsel's failure to inform the respondent of the consequences resulting from a plea. *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011). "[F]or a plea to constitute a valid waiver of constitutional rights, the person entering it must be made fully aware of the direct consequences of the plea." *In re Pederson*, 331 Mich App 445, 464; 951 NW2d 704 (2020) (quotation marks and citation omitted). To obtain relief, the respondent "must show the outcome of the plea process would have been different with competent advice." *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012).

Respondent asserts that it is clear from the record that she intended to proceed to trial and had a substantial defense to the allegations. She maintains that her attorney told her and other persons present at an August 6, 2024 meeting that she could not testify at trial and that a no-contest plea is treated the same as a not-guilty plea and would be the quickest way to get her children back into her care. Respondent has provided this Court with letters that she, her husband, her father, and her aunt wrote, asserting that they were present at the meeting and that counsel advised respondent as she claims. Because our review "is limited to the record established by the trial court," however, we decline to consider the letters. See *In re Rudell Estate*, 286 Mich App 391, 405; 780 NW2d 884 (2009) (quotation marks and citation omitted). "[A] party may not expand the record on appeal." *Id*. (quotation marks and citation omitted).

In addition, because respondent failed to preserve her argument for appellate review, our review is limited to errors apparent on the record. *Lockett*, 295 Mich App at 186. It is apparent from the record that respondent was the subject of a criminal investigation. Her attorney stated that the "primary reason" for the plea was a "potential issue with the State Police," which effectively made respondent unable to testify. Although respondent claims that there was no risk to her testifying because she already did so at the May 23, 2024 hearing, counsel's determination that it would not have been in respondent's best interests to testify constituted reasonable litigation strategy. Considering the ongoing criminal investigation and the possibility that respondent could make incriminating statements if she testified, counsel's advice to plead no contest did not fall below an objective standard of reasonableness.

Moreover, respondent agreed on the record that she had an adequate opportunity to speak with her attorney about the plea and that no one had promised her anything or threatened her to plead no contest. The trial court advised her of her rights and specifically advised her that it could treat the no-contest plea the same as if she had admitted the allegation for the purpose of entering a dispositional order. Respondent stated that she understood, and her counsel agreed that he had informed her of that fact. The court confirmed, through questioning, that respondent's plea was

---

[2] "The principles applicable to claims of ineffective assistance of counsel in the arena of criminal law also apply by analogy in child protective proceedings." *In re Martin*, 316 Mich App at 85.

voluntary, knowing, and understanding. See MCR 3.971(B). There is no basis from the record to conclude that respondent's attorney failed to advise her of the consequences of her plea as she asserts.

Finally, the record shows that if respondent had elected not to plead no contest and to proceed to trial, DHHS could have easily met its burden of proof to obtain jurisdiction over the children considering the evidence admitted at the May 23, 2024 hearing, including Dr. Whaley's testimony and the photographs of HH's injuries sustained while in respondent's care. Although respondent argues that she had a strong case to proceed to trial, the record does not support her claim. Therefore, for the foregoing reasons, trial counsel's advice constituted sound litigation strategy and did not fall below an objective standard of reasonableness.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates